James O. GERST, Savings and Loan Commissioner of Texas, et al., Petitioners,

v.

GUARDIAN SAVINGS AND LOAN ASSOCIATION, Respondent.

No. B–870.

Supreme Court of Texas.

Nov. 13, 1968.

Rehearing Denied Dec. 18, 1968.

Crawford C. Martin, Atty. Gen., Ray McGregor, Asst. Atty. Gen., Jacobsen & Long, Joe R. Long, Austin, for petitioners.

Health, Davis & McCalla, Dudley D. McCalla, Austin, for respondent.

GREENHILL, Justice.

This case arose from competing applications filed with the Savings and Loan Commissioner of Texas for the establishment of facilities at the same intersection in Richardson, Texas. Guardian Savings and Loan Association, respondent here, filed the first application. An hour later, Richardson Savings and Loan Association filed its application. The Commissioner granted Richardson's application, but refused to grant the first-filed application of Guardian. On appeal to the district court, the order denying Guardian's application was set aside as having no support in substantial evidence. The order granting Richardson's application was also upheld.[1] The Court of Civil Appeals affirmed. 425 S.W.2d 382. The Commissioner and Richardson Savings are petitioners here. Their position is that the Commissioner was justified in finding that there was a public need for the granting of one of the applications, and that the Commissioner's orders granting Richardson's application and denying Guardian's are reasonably supported by substantial evidence.

Each association sought approval for a branch office to be located on opposite corners of the intersection of Beltline and Coit Roads. Coit Road marks the corporate boundary between Dallas and the town of Richardson. The area each association proposed to serve from this location was roughly the same. It extended two miles north to the Dallas County line, two miles west to Dallas North Toll Road, two miles south to the Johnson Freeway, and a somewhat lesser distance east to Central Expressway which passed through the center of downtown Richardson.

The orders issued by the Commissioner indicate that it was his opinion that the market area would not support the savings and loan facilities of both Richardson and Guardian; that there was a public need for only one. In his order denying Guardian's application, the Commissioner indicated that his previous approval that same day of Richardson's application necessitated findings unfavorable to Guardian on the requirements of public need for the proposed association and sufficient volume of business in the area to support a profitable operation.

■■■ Our recent decisions set out the standard of review to be applied by this Court in determining whether an order of the Savings and Loan Commissioner is

---

1. The suit was brought by Guardian against the Commissioner. Richardson intervened to oppose Guardian's application and for an adjudication upholding the Commissioner's order as to it.

valid. His orders are presumed to be a valid exercise of the power and discretion conferred on him. The courts have no authority simply to substitute their judgment for his to determine whether the Commissioner reached the proper fact conclusion on the basis of conflicting evidence. On the other hand, the Commissioner is not empowered to exercise unbridled discretion; his findings must be reasonably supported by substantial evidence, i. e., they may not be arbitrary, capricious, and made without regard to the facts. Gerst v. Oak Cliff Savings and Loan Association, 432 S.W.2d 702 (1968); Gerst v. Nixon, 411 S.W.2d 350 (Tex.Sup.1967); Gerst v. Cain, 388 S.W.2d 168 (Tex.Sup.1965); Phillips v. Brazosport Savings and Loan Association, 366 S.W.2d 929 (Tex.Sup. 1963).

■ A review of the record leads us to the conclusion that there is substantial evidence to support the Commissioner's finding that the market area in question would support only one new savings and loan facility.

Having decided that the Commissioner was justified in granting only one of the two competing applications, the problem remains as to whether he was also justified in granting Richardson's application and in denying that of the Guardian association.

There is substantial evidence that on matters of management, capital, and some other considerations, both Richardson and Guardian met the requirements for the granting of a branch office. If both associations are qualified, and there is a public need for only one facility, it is Guardian's contention that since it filed first, its application should have been granted. In the alternative it forcefully contends that its application should have been first acted upon; and that it was arbitrary for the Commissioner to first grant Richardson's application and then to deny its application because the public need had been fulfilled by the granting of Richard-

son's application. The argument to the contrary is that assuming two qualified applications, it is not only within the discretionary power vested in the Commissioner to choose one, it is his duty to do so.

■ We do not reach this question, however. These two applications were heard at a consolidated hearing; and we are of the opinion that there is substantial evidence to support the action of the Commissioner under the circumstances in denying the application of Guardian. One of the considerations for the granting or refusing of a new facility is whether it will unduly harm that of an existing facility. While the matter was strongly contested, there is evidence, set out below, that the granting of the application of Guardian would have substantially damaged the existing facility of the Richardson association in downtown Richardson, Texas.

The Commissioner's order denying Guardian's application states in its concluding paragraph that "if Guardian's application were granted * * * there would be an impairment of Richardson's growth potential inasmuch as the location sought [by Guardian] is approximately two miles from its [Richardson's] home office." This is a reason which supports the action of the Commissioner in denying Guardian's application, and it is without regard to whether he ruled upon Guardian's or Richardson's application first.

The specific findings of the Commissioner on undue harm are that there would be an "impairment of Richardson's growth potential" and a "probable reduction or attrition of Richardson Savings present existing savings accounts" if the Guardian application were granted. Several witnesses testified concerning the likelihood of undue harm. One of the principal witnesses was Dr. Johnson, an expert called by Richardson. When asked to give his opinion as to whether undue harm would result to Richardson, he replied:

"On that score, Mr. Long, I have no doubt it would be a very critical impair-

ment of Richardson Savings and Loan's growth potential and probably would result in a reduction, an attrition against its existing accounts."

However, in fairness to Guardian, it should be pointed out that Dr. Johnson seemed to contradict this conclusion at another point when he made the statement that Guardian would have a hard time competing with other associations in the area because "Richardson is already in the market serving it pretty effectively, and one doesn't switch those accounts overnight."

We do not regard this apparent contradiction as destroying Dr. Johnson's testimony set out above or precluding the Commissioner from believing and relying upon it. Moreover, other witnesses also testified that Richardson would be unduly harmed; so the Commissioner's finding does not stand on Dr. Johnson's statement alone. The credibility of witnesses is within the province of the Commissioner.

In summary, we hold that there is substantial evidence to support the Commissioner's conclusion that the area would support only one of the two facilities; that there is substantial evidence to support the granting of the Richardson application; and that there is substantial evidence to support the denial of Guardian's application because its presence in the area would unduly harm an existing association.

The effect of our judgment is to uphold the action of the Commissioner in granting Richardson's application and in denying Guardian's. Mechanically, our judgment is that the judgments of the trial court and the Court of Civil Appeals are reversed in part and affrimed in part. That portion of the judgment of the Court of Civil Appeals which affirms the action of the trial court in ordering the approval of the plaintiff Guardian's application is reversed. Similarly, that portion of the trial court's judgment relating to Guardian's application is reversed, and judgment is here rendered that Guardian take noth-

ing. Those portions of the judgments of the trial court and the Court of Civil Appeals upholding the action of the Commissioner in granting the application of the intervenor, Richardson Savings and Loan, are affirmed.

REAVLEY, J., not sitting.