**PUBLIC UTILITY COMMISSION OF TEXAS, et al., Appellants,**

**v.**

**SOUTH PLAINS ELECTRIC COOPERATIVE, INC., Appellee.**

No. 13624.

Court of Appeals of Texas, Austin.

July 21, 1982.

Rehearing Denied July 28, 1982.

Mark White, Atty. Gen., J. Scott Wilson, Asst. Atty. Gen., Don R. Butler, Austin, John C. Ross, Jr., City Atty., James P. Brewster, Asst. City Atty., Lubbock for appellants.

B. D. St. Clair, McGinnis, Lochridge & Kilgore, Austin, for appellee.

PHILLIPS, Chief Justice.

The parties hereto, both public utilities—one municipally owned, are vying to serve three subdivisions in the City of Lubbock. The principal question for decision is whether the Public Utility Commission, in granting a dual certificate to the municipally owned utility, acted in an arbitrary and capricious manner and in derogation of the standards mandated by the Public Utility Regulatory Act.[1]

The district court thought so and reversed and set aside the Commission's order and remanded the case to the Commission. We affirm the judgment of the trial court.

The facts are these. On May 25, 1979, Lubbock filed its application with the Commission seeking dual certification for its municipal electric utility to serve three areas recently annexed by the City which, at the date of such annexations, were singly certificated to South Plains. Hearings on the merits were held before two different hearing examiners for the Public Utility Commission from January 21, 1980, through January 29, 1980. A third hearing examiner issued a report recommending against the City's application. However, by order dated September 3, 1980, as modified by Order on Motion for Rehearing dated November 21, 1980, the PUC granted the application of the City for an amendment of its certificated service area boundaries, to include the newly annexed areas of the City.

It should be noted that this is not the first time for one of the three areas in question to be before the Commission or this Court. In a much earlier proceeding, Southwestern Public Service Company, an investor-owned utility serving a large area in the panhandle and, in Lubbock, along with the city utility, had sought dual certification with the co-op in one of the new areas involved in this litigation. The City was made a party over its objection. The application of Southwestern was denied by the PUC, but a certificate was granted the City, even though it had made no application for one. This grant was later reversed upon appeal because the City had not sought a certificate, but specifically without prejudice to the right of the City to file a subsequent application for certification. *Southwestern Public Service Company v. Public Utility Commission*, 578 S.W.2d 507 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.). The Court did not pass on the merits of the City's application.

The City, contended then that it need not seek certification from the PUC in order to serve the citizens within its corporate limits. This issue was subsequently decided contrary to its contention. *City of Lubbock v. South Plains Electric Co-operative, Inc.*, 593 S.W.2d 138 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). The City subsequently filed its application for certification in Docket 2616, which is the present case on appeal here. The City of Lubbock has steadfastedly taken the position that it was not required to secure a certificate of convenience and necessity from the Commission and was, in fact, running concurrent lines to one of these new areas without permission when they were halted by an injunction upheld by the Court in *City of Lubbock v. South Plains Electric Cooperative, supra*.

Appellants bring some eight points of error which they have winnowed into three principal areas of controversy: (1) was the PUC order in form and substance in compliance with the requirements of the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a (Supp. 1982)?; (2) were the proper standards and issues for determination set out in PURA, followed by the PUC in its decision?; (3) were the findings and orders of the PUC based upon substantial evidence?

Inasmuch as we do not find that the question of substantial evidence plays any part in our decision, we will say no more about it. Since we find the order invalid our discussion will be directed, principally, to question No. 2 above.

The areas involved were singly certificated to South Plains by the Commission in

1. Tex.Rev.Civ.Stat.Ann. art. 1446c (1980) hereinafter, PURA.

1976. At this time, South Plains was the only electric utility serving the three areas in question. Pursuant to its duties and responsibilities as a public utility under PURA, South Plains has constructed and operated all facilities necessary to render adequate retail electric service to the areas in question, and, as found by the Commission in this case, has in fact provided adequate service to such areas, both before and after annexation of these areas by the City. Despite this fact, since the areas have become annexed to Lubbock, development has become imminent and right to service has become very attractive.

In our judgment the grant of the city's application was based on a criterion or standard not found in the statute or in any Commission rule or regulation. That criterion was, apparently, expressed by the Chairman of the Commission when the Commission decided to grant the application when he remarked that "a city that has a municipally-owned utility has a right to serve its constituency, serve the people within the city." This view was undoubtedly spelled out in the Commission's September 1980 order. Findings 36 and 37 which are as follows:

36. Community values are promoted by allowing a municipally-owned utility to extend its services to all areas within the municipal boundaries, because all citizens should be allowed the opportunity to be served by a utility which they as taxpayers help to support, either directly or indirectly.

37. It is in the public interest that Lubbock Power and Light, a municipal utility owned by the City of Lubbock, be allowed to provide retail electric service to all consumers within the city's municipal boundaries.

The original findings of underlying facts made by the examiner (with several modifications subsequently made by the Commission and not pertinent here) were that: South Plains is now rendering and is capable of continuing to render reasonable and adequate service to the disputed areas; South Plains has always made itself available to serve disputed areas, has trained service men on call at all times and is capable of providing underground service; South Plains has laid extensive distribution lines in the disputed area; there is insufficient evidence of a need for additional service justifying dual certification of utilities; South Plains is willing and able to provide street lighting and other energy needed by the City in the disputed areas; it costs more to serve on a per customer basis in areas with duplication of system construction; dual certification of utilities results in overbuilding because both utilities are required to serve 100% of the customers in the area if requested to do so; South Plains will be harmed by dual certification because it will have to share its service area and revenues generated therefrom while incurring costs required to supply 100% of the service area; dual certification results in duplication of facilities; dual certification will result in increased costs due to duplicated facilities and other expenses; the quality of service rendered by South Plains is adequate; and South Plains' rates are lower than LPL's.

Yet despite these findings of basic, underlying facts which are overwhelmingly in favor of South Plains, the Commission decided to grant Lubbock Power & Light's application.

Consequently, the only inference of ultimate fact that can reasonably be drawn is that the requested certificate enabling Lubbock Power and Light to serve the area along with South Plains is not necessary for the service, accommodation, convenience and safety of the public as is required by section 54(b) of PURA. Indeed, these findings negate the requirements necessary under 54(b) for sustaining a certificate of public convenience and necessity for the City.

It seems clear that under PURA municipally-owned utilities, as retail public utilities, are no different from any other retail public utility with respect to certificates of

public convenience and necessity.[2] Section 54(b) of PURA states that the Commission may grant applications and issue certificates "only if the Commission finds that the certificate is necessary for the service and accommodation, convenience and safety of the public;" Then in paragraph (c) the Act states that "certificates of convenience and necessity shall be granted on a nondiscriminatory basis after consideration by the Commission of the adequacy of existing service, the need for additional service . . . . "

As we stated above, the basic underlying facts found by the Commission overwhelmingly favor South Plains and also point to a lack of such findings necessary to uphold the order in favor of Lubbock Power & Light. It is difficult for us to find other than that because Lubbock Power & Light is a municipally-owned utility, it was given a preference not sanctioned by the PURA. As held by the trial court, municipally-owned status is not a relevant factor under the statute and does not constitute statements or findings of underlying facts supporting the ultimate statutory findings of convenience and necessity. We hold that the order is fatally deficient and the trial court correctly set it aside.

Another decision of this Court makes it clear that under the Administrative Procedure Act an agency's consideration of a non-statutory standard amounts to arbitrary and capricious action requiring reversal. *Starr County v. Starr Industrial Services, Inc.*, 584 S.W.2d 352 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.); *see Vandygriff v. Sabine Valley Savings & Loan*, 613 S.W.2d 523 (Tex.Civ.App.—Austin 1981, writ ref'd n.r.e.).

We also overrule appellant's point that South Plain's motion for rehearing was inadequate to preserve their contention of whether the Commission's finding of public convenience and necessity is supported by the underlying facts stated, found, or adopted by the Commission and whether its

ultimate finding and decision were based on impermissible standards and criteria.

In response to the first order entered by the Commission dated September 3, 1980, South Plains pointed out to the Commission in a variety of ways that the decision of the Commission is not supported by proper findings of fact. Specifically, in point 5 of its motion for rehearing, South Plains pointed out that the Commission erred in entering conclusion of Law No. 5 because it is not supported by the findings of fact made or adopted by the Commission. South Plains further contended that in its motion for rehearing that conclusion of Law No. 5 is not supported by and is contrary to the statutory standards and criteria set forth in PURA. South Plains also argued that findings of fact Nos. 36 and 37 (which were the only findings made by the Commission in its September 3, 1980 order to support conclusion No. 5) were not proper findings because they are based on impermissible criteria for the determination of public convenience and necessity.

In addition, the Commission was aware of and fully understood the complaint of South Plains and attempted to respond and buttress its decision by amending several of its prior fact findings.

Appellees have a cross-point asking this Court to render this cause in their favor rather than remanding the case to the agency for further proceedings. We do not agree.

We are of the opinion the district court properly remanded the cause to the agency for further proceedings consistent with the conclusions of the district court. In those instances where revision of an administrative order requires a reconsideration of matters that are committed by law to the initial decision of the agency, a court should remand the cause to the agency. It should not seek to substitute its discretion for that of the agency. 2 F. Cooper, State Administrative Law 776 (1965).

---

2. *Southwestern Public Service Co. v. Public Utility Comm'n*, 578 S.W.2d 507 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.); *see also, City of Brownsville v. Public Utility Comm'n*, 616 S.W.2d 402 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.). *City of Lubbock v. South Plains Electric Cooperative*, 593 S.W.2d 138 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.).

As the Commission improperly considered non-statutory standards in arriving at its order granting the application for an amendment of its certificate, it is the task of the agency to again review the application for amendment, absent any consideration of the non-statutory standard. The decision to grant or not to grant the application is plainly that of the agency on remand and not that of the reviewing courts by rendition of judgment, since the grant or denial of the application requires consideration of matters vested by law in the Commission and not in the courts.

Appellee's cross-point is overruled and the judgment of the district court is in all things affirmed.