TEXAS HEALTH FACILITIES COMMISSION et al., Petitioner,

v.

CHARTER MEDICAL–DALLAS, INC., Respondent.

No. C–2478.

Supreme Court of Texas.

Feb. 15, 1984.

**448**

Jim Mattox, Atty. Gen., Steven L. Martin, Asst. Atty. Gen., Austin, Law Offices of Earl Luna, Mary Mildord, Dallas, Heath, Davis & McCalla, Dudley D. McCalla, Austin, for petitioner.

Wood, Lucksinger & Epstein, Bruce Bigelow, Austin, Trotter, Bondurant, Miller and Hishon, Glen A. Reed, Atlanta, Ga., for respondent.

BARROW, Justice.

This is an appeal from three consolidated orders of petitioner Texas Health Facilities Commission. The orders of the Commission granted certificates of need to petitioners Healthcare International and Memorial Hospital of Garland and denied a similar request made by respondent Charter Medical-Dallas, Inc. The action of the Commission was upheld by the trial court. The court of appeals, with one justice dissenting, reversed the judgment of the trial court and remanded the cause to the Commission for further proceedings. *Charter Medical-Dallas, Ins. v. Texas Health Facilities Com'n*, 656 S.W.2d 928. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

The Texas Health Facilities Commission is the Texas administrative agency charged with governing the availability of health care facilities in this state. *See* Health Planning and Development Act, Tex.Rev. Civ.Stat.Ann. art. 4418h, §§ 1.01–6.04 (HPDA). The Commission's primary function is to prevent the development of new health care facilities with services that are not needed or that cannot feasibly be developed, staffed, or operated. This function is performed primarily by the Commission's administration of a state certificate of need program. *Id.*, § 2.06. Under this program, a person proposing to establish or modify a health care facility must obtain a certificate of need from the Commission. *Id.*, § 3.01.

In December of 1979 and January of 1980, the parties to this appeal filed applications seeking certificates of need for proposed projects. Memorial sought permission to convert a portion of its general hospital into psychiatric use; Healthcare proposed to construct a new facility, "Green Oaks;" and Charter Medical applied for permission to construct "Dallas Psychiatric Hospital." All three projects were planned for the area encompassing north Dallas County and Collin County. These three applications were consolidated by the Commission, and a hearing was held to determine whether one or more of the applications should be granted. The Commission rendered its orders in October of 1980 granting certificates of need to Healthcare and Memorial and denying the application of Charter Medical.

The trial court rendered judgment sustaining the orders of the Commission as to all three applications. This judgment was reversed by the court of appeals and the cause remanded to the Commission. The stated reason for the court of appeals' decision is that the Commission's orders contain insufficient underlying (basic) facts to support the ultimate findings or conclusions of the Commission on the three applications. The court of appeals held that the absence of underlying facts rendered the Commission's ultimate findings arbitrary and capricious. The court of appeals remanded all three applications to the Commission since the Commission's denial of Charter Medical's request may have been based upon the granting of the other two applications.

In reaching its decision, the court of appeals set forth a lengthy recitation of the facts and Commission rules applicable to this appeal; we refer the reader to that opinion for a more complete statement on these matters. We limit our discussion to the specific points properly before this Court and upon which we base our decision.

This administrative appeal arises under the authority of the HPDA in conjunction with the Texas Administrative Procedure and Texas Register Act. Tex.Rev.Civ.Stat. Ann. art. 6252–13a (APTRA). Under the legislative scheme of the APTRA, the manner of review of agency actions is governed by the enabling statute in the area under adjudication. APTRA, § 19(e); *Southwestern Bell Telephone Co. v. Public Utility Commission*, 571 S.W.2d 503, 508 (Tex. 1978). Section 1.04 of the HPDA incorporates the APTRA "except to the extent inconsistent with" the HPDA. Therefore, the scope of judicial review in this case must be discerned from both the HPDA and the APTRA.

In determining the role of the reviewing court, we must first ascertain the legislative standards to which the Commission must adhere in making its decisions, i.e., what findings and conclusions the Commission must make before it properly may grant a certificate of need. Subsection 3.10(a) of the HPDA requires the Commission to promulgate rules establishing criteria to determine whether an applicant is to be issued a certificate of need for a proposed project. Subsection 3.10(b) sets forth five specific factors that must be included among the Commission's criteria:

Criteria established by the commission must include at least the following:

(1) whether a proposed project is necessary to meet the healthcare needs of the community or population to be served;

(2) whether a proposed project can be adequately staffed and operated when completed;

(3) whether the cost of a proposed project is economically feasible;

(4) if applicable, whether a proposed project meets the special needs and circumstances for rural or sparsely populated areas; and

(5) if applicable, whether the proposed project meets special needs for special services or special facilities.

Thereafter, subsection 3.10(c) contains six factors that the Commission "shall consider" in developing its criteria.

The Commission has promulgated "General Criteria for Use in Certificate of Need

Reviews" that incorporate both the factors required by subsection 3.10(b) and the factors that the legislature has directed the Commission to "consider." [1] These criteria include thirteen broad categories addressing such matters as "Community Health Care Requirements," "Service Area Population," and "Relationship to Existing Services and Existing Facilities."

Under these broad, general categories are approximately fifty-four subcategories or factors that the Commission considers relevant to its decision on the ultimate factors. These subcategories are referred to by the court of appeals as "intermediate facts." The findings of the Commission on the totality of these criteria form the basis of the Commission's decision to grant or deny a certificate of need. "An applicant or party who is aggrieved by an order of the commission ... is entitled to judicial review under the substantial evidence rule." HPDA, § 3.15.

Having determined the prerequisites to agency action under the HPDA, we look to the APTRA to determine its guidelines for judicial review. Section 16(b) of the APTRA states: "A final decision must include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, must be accompanied by a concise and explicit statement of the underlying facts supporting the findings." The exact manner of judicial review is stated in section 19(e):

> The scope of judicial review of agency decisions is as provided by the law under which review is sought.... Where the law authorizes review under the substantial evidence rule, ... the court may not substitute its judgment for that of the agency as to the weight of the evidence on questions committed to agency discretion but may affirm the decision of the agency in whole or in part and shall reverse or remand the case for further

proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) in violation of constitutional or statutory provisions;

(2) in excess of the statutory authority of the agency;

(3) made upon unlawful procedure;

(4) affected by other error of law;

(5) not reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole; or

(6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

The above-quoted portions of the APTRA are the primary guidelines to be used by a court in reviewing the actions of administrative agencies.

In this case, there are allegations challenging the adequacy of the Commission's findings of fact, contending that the Commission's action is not supported by substantial evidence, and asserting that the Commission's orders are arbitrary and capricious. The court of appeals purported to base its decision solely on the conclusion that the Commission's findings of fact are arbitrary and capricious. In its opinion, however, the intermediate court touched upon each of the above three contentions. Hence, we shall address each of these matters.

*Findings of Fact*

■ The logical first step in evaluating the Commission's order is to examine the agency's fact findings to determine whether they meet the statutory requirements. *See Auto Convoy Co. v. Railroad Commission,* 507 S.W.2d 718, 719 (Tex.1974). Section 16(b) of the APTRA requires that all findings of fact, "if set forth in statuto-

---

1. The matters required by section 3.10(b) to be included within the Commission's criteria may be found primarily in subsections 513.5, 513.11, 513.13, and 513.17 of Title 25 of the Texas Administrative Code. The non-mandatory factors are scattered throughout the other subsections of section 513. *See* Tex. Health Fac. Comm'n, 25 Tex.Admin.Code §§ 513.1–513.21 (May 1, 1982) (compiling Tex. Health Fac. Comm'n Rules 315.19.01.010 to .130, 3 Tex.Reg. 1361–64 (1978), as amended 4 Tex.Reg. 2949–50 (1979)).

ry language," must be accompanied by a supporting statement of underlying facts. We must determine the meaning of these words in the present context.

In *Lewis v. Gonzales County Savings and Loan Association*, 474 S.W.2d 453 (Tex.1971), we were asked to construe an analogous fact-finding requirement in the Savings and Loan Act. Tex.Rev.Civ.Stat. Ann. art. 852a, § 11.11(4). Therein, we held:

> We are of the view this requirement applies only to findings of fact in the commissioner's orders which are "set forth in statutory language." [footnote omitted]. When findings are made in the language of the Rules and Regulations that do not embody statutory language, they need not be accompanied by a concise and explicit statement of the underlying facts.

*Gonzales County*, 474 S.W.2d at 457. We went on to explain that, generally, statutory findings are broadly stated and require discretion or judgment on the part of the agency based on a multitude of factors. Conversely, non-statutory findings usually are more factual in nature and carry with them the supporting underlying facts. Thus, the latter need no accompanying facts to support them.

Judicial review would be enhanced if all general conclusions of an agency were accompanied by a statement of underlying facts. The plain language of the statute, however, precludes such a construction of section 16(b). By limiting the fact-finding requirement to findings "set forth in statutory language," the legislature has expressed its intention in this matter. We may not impose an additional fact-finding requirement under the guise of statutory construction. *Cf. Goldman v. Torres*, 161 Tex. 437, 341 S.W.2d 154, 158 (1960).

*Gonzales County* holds that an accompanying statement of underlying facts is required when an ultimate finding of fact embodies statutory language. This construction has been followed in post-APTRA cases. *See, e.g., Gage v. Railroad Commission*, 582 S.W.2d 410, 414 (Tex.1979); *Imperial American Resources Fund, Inc. v. Railroad Commission*, 557 S.W.2d 280, 286 (Tex.1977). Therefore, we hold that section 16(b) of the APTRA requires an accompanying statement of underlying facts only when the ultimate fact finding embodies a mandatory fact finding set forth in the relevant enabling act.[2] An agency may not avoid this statutory requirement by simply rewording its criteria; section 16(b) extends to all statutory fact findings that represent the criteria that the legislature has directed the agency to consider in performing its function.

The characteristics of proper findings of fact, as well as their purposes, are well established. Valid findings of fact must be clear and specific. *Gage*, 582 S.W.2d at 414. A mere conclusion or a recital of evidence is inadequate. *Thompson v. Railroad Commission*, 150 Tex. 307, 240 S.W.2d 759, 761–62 (1951). The required underlying facts may not be presumed from findings of a conclusional nature. *Morgan Drive Away, Inc. v. Railroad Commission*, 498 S.W.2d 147, 152 (Tex.1973). In general, underlying findings of fact must be such that the reviewing court can fairly and reasonably say that the underlying findings support the statutorily required criteria. *Railroad Commission v. Entex, Inc.*, 599 S.W.2d 292, 298 (Tex.1980); *Railroad Commission v. Graford Oil Corp.*, 557 S.W.2d 946, 950 (Tex. 1977).

The underlying findings of fact required by the APTRA have a substantial statutory purpose and are more than a technical pre-

---

**2.** The HPDA does not *require* that the Commission make findings on certain factors before it may act; rather, the statute directs the Commission to include certain matters within its criteria for review and directs the Commission to act upon applications within established time limits. HPDA, §§ 3.10, 3.11. Nonetheless, the factors that the Commission *must* include among its criteria are the type of factors that fall within the scope of section 16(b) so that these findings of fact must be accompanied by a statement of underlying facts. *Cf. Miller v. Railroad Commission*, 363 S.W.2d 244, 245 (Tex.1962).

requisite. *Morgan Drive Away, Inc.,* 498 S.W.2d at 150. This Court set forth the purposes of such findings of fact in *Miller v. Railroad Commission,* 363 S.W.2d 244, 245–46 (Tex.1962) as follows:

> One purpose no doubt is to restrain any disposition on the part of the [agency] to grant a certificate without a full consideration of the evidence and a serious appraisal of the facts. Another is to inform protestants of the facts found so that they may intelligently prepare and present an appeal to the courts. Still another is to assist the courts in properly exercising their function of reviewing the order.

■■■ This Court has neither the right nor the authority to lay out a precise form of findings to be made by the Commission. *Id.* at 246. On the other hand, we may make suggestions as to the form of the agency record in the interest of proper judicial review. *See Graford Oil Corp.,* 557 S.W.2d at 952 n. 6. Proper underlying (basic) findings of fact should follow the guidelines we previously have noted: they should be clear, specific, non-conclusory, and supportive of the ultimate statutory finding. Mere recitals of testimony or references to or summations of the evidence are improper. Such findings should be stated as the agency's findings. The findings should relate to material basic facts and should relate to the ultimate statutory finding that they accompany. In general, the findings of fact required by APTRA § 16(b) should be sufficient to serve the overall purposes evident in the legislative requirement that they be made.

■■ The record of this case discloses that the Commission made almost five hundred findings of fact covering approximately forty-eight pages. The orders of the Commission includes ultimate findings on each of the criteria required by HPDA section 3.10(b). In addition, the Commission's findings contain numerous underlying facts in support of these statutory findings. Many of these findings do not satisfy the requirements previously stated since they are nothing more than recitals of evidence.

Nevertheless, there are sufficient findings such that we can fairly and reasonably say that the underlying or basic facts support the Commission's conclusions on the ultimate or statutory criteria. We hold, therefore, that the underlying findings of fact made by the Commission satisfy the requirements of section 16(b) of the APTRA.

### The Substantial Evidence Rule

■■■ The APTRA codifies the principle of judicial review under the substantial evidence rule. Section 19(e)(5) authorizes a reviewing court to test an agency's findings, inferences, conclusions, and decisions to determine whether they are reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole. *See Railroad Commission v. Shell Oil Co.,* 139 Tex. 66, 161 S.W.2d 1022, 1029–30 (1942). In applying the test, the court is prohibited from substituting its judgment for that of the agency as to the weight of the evidence on questions committed to agency discretion. *See Gerst v. Guardian Savings and Loan Association,* 434 S.W.2d 113, 115 (Tex.1968). The reviewing court may reverse an agency decision because of the absence of substantial evidence only if such absence has prejudiced substantial rights of the litigant. APTRA, § 19(e).

■■■ Although substantial evidence is more than a mere scintilla, *Alamo Express, Inc. v. Union City Transfer,* 158 Tex. 234, 309 S.W.2d 815, 823 (1958), the evidence in the record actually may preponderate against the decision of the agency and nonetheless amount to substantial evidence. *Lewis v. Metropolitan Savings and Loan Association,* 550 S.W.2d 11, 13 (Tex.1977). The true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency. *Gerst v. Nixon,* 411 S.W.2d 350, 354 (Tex.1966). A reviewing court is not bound by the reasons given by an agency in its order, provided there is a valid basis for the action taken by the agency. *Railroad Commission v. City of Austin,* 524

S.W.2d 262, 279 (Tex.1975). Thus, the agency's action will be sustained if the evidence is such that reasonable minds could have reached the conclusion that the agency must have reached in order to justify its action. *Suburban Utility Corp. v. Public Utility Commission,* 652 S.W.2d 358, 364 (Tex.1983).

■ The findings, inferences, conclusions, and decisions of an administrative agency are presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise. *Imperial American Resources Fund, Inc. v. Railroad Commission,* 557 S.W.2d 280, 286 (Tex.1977). Hence, if there is evidence to support either affirmative or negative findings on a specific matter, the decision of the agency must be upheld. *Gerst v. Goldsbury,* 434 S.W.2d 665, 667 (Tex.1968); *see also Lewis v. Jacksonville Building and Loan Association,* 540 S.W.2d 307, 311 (Tex.1976).

■ The record before this Court is extensive and contains substantial information relevant to the Commission's inquiry. This controversy was hotly contested, and the record contains evidence favoring all three applicants. We will address one statutory criterion that supports the Commission's decision in this case. Under HPDA section 3.10(b)(1), the Commission considers "whether a proposed project is necessary to meet the healthcare needs of the community or population to be served...." The Commission found that Memorial and Green Oaks were necessary, but that Charter Medical was not.

On judicial review, we look first to the underlying findings of fact made in support of the ultimate finding of fact contrary to Charter Medical's position. Factors unfavorable to Charter Medical include the following: Charter Medical would not be near or connected with a general hospital and ambulance service would be required to transfer a patient to a general hospital for medical treatment; Charter Medical was not accessible by public transportation; Charter Medical failed to establish physician interest in its facility similar to the interest expressed in the other two facilities by testifying physicians; and Charter Medical failed to support its projected occupancy rates with competent evidence. Findings on these matters were relatively more favorable regarding both Memorial and Green Oaks. Other material findings concerned the probable absence of certain recreational facilities at Charter Medical, the unnecessary duplication of specified services and equipment by Charter Medical, and the negative report on Charter Medical by the Texas Area 5 Health Systems Agency.

Because the Commission correctly found that Charter Medical failed to establish that its facility was necessary to meet the healthcare needs of the community, as required by the statute, the Commission's order must be upheld. *Cf. Gerst v. Goldsbury,* 434 S.W.2d at 667. We note that many of the Commission's 213 findings on this criterion are improper and irrelevant and were not considered by this Court. Moreover, we doubt the sufficiency of other ultimate findings made by the Commission, although we reach no conclusion thereon. We do admonish the Commission to adhere to the guidelines we have set forth previously regarding findings of fact.

Our second inquiry concerns whether the findings, inferences, and conclusions that relate to health care needs are supported by substantial evidence. We hold that they are. Our conclusion is based upon the principles of judicial review that we have reiterated herein. As required by APTRA section 19(e), we have tested each material finding, inference, and conclusion for evidentiary support. There is in the record substantial evidence to support the underlying facts discussed above and the ultimate fact to which they relate.

*Arbitrary and Capricious Standard of Review*

■ The court of appeals held that the validity of an agency's inferences of ultimate facts or its reasoning process is judged by whether such inferences are ar-

bitrary and capricious. The court also concluded that the sole purpose of the substantial evidence rule is to measure the validity of the process by which the agency has inferred stated basic facts from the evidence and matters officially noticed. Our discussion of the substantial evidence rule discloses the erroneous nature of these conclusions. Because the court of appeals has, in effect, engaged in a substantial evidence review of the Commission's order, we also have addressed that point. We now turn to a discussion of the arbitrary and capricious standard of review.

Throughout the long history of the substantial evidence rule the existence of substantial evidence has been equated with fair and reasonable conduct on the part of the agency. Conversely, agency decisions that are unsupported by substantial evidence have been deemed arbitrary and capricious. Thus, the two terms have many times been considered two sides of the same coin. *See, e.g., Benson v. San Antonio Savings Association,* 374 S.W.2d 423, 427 (Tex.1963); *City Savings Association v. Security Savings and Loan Association of Dickinson,* 560 S.W.2d 930, 932 (Tex. 1978). On the other hand, cases have arisen in which a line of demarcation was drawn between these two concepts.

In *Lewis v. Metropolitan Savings and Loan Association,* 550 S.W.2d 11 (Tex. 1977), this Court was faced with an allegation that the agency action in question, in admitting and excluding evidence, had resulted in a denial of due process of law. The agency contended that the only issue on appeal was whether the decision was supported by substantial evidence; a denial of due process would not provide a basis for reversal so long as the agency's decision was upheld under substantial evidence scrutiny. We held that instances may arise in which the agency's action is supported by substantial evidence, but is arbitrary and capricious nonetheless. One such instance is when a denial of due process has resulted in the prejudice of substantial rights of a litigant.

Another example of arbitrary action by an agency is *Railroad Commission v. Alamo Express,* 158 Tex. 68, 308 S.W.2d 843 (1958). Therein, this Court found that the agency had acted in an arbitrary manner when it failed totally to make findings of fact and instead based its decision on findings in another case. Arbitrary and capricious agency action also may be found when an agency improperly bases its decision on non-statutory criteria. *Public Utility Commission v. South Plains Electric Cooperative, Inc.,* 635 S.W.2d 954, 957 (Tex.App.—Austin 1982, writ ref'd n.r.e.).

In enacting the APTRA, it is clear that the legislature intended to distinguish between agency action that is not supported by substantial evidence and agency action that is arbitrary and capricious. We construe section 19(e)(6) of the APTRA to be a safeguard against agency conduct that is arbitrary or constitutes an abuse of discretion although that conduct does not amount to a violation of any other provision of the APTRA or the agency's enabling act. The arbitrary and capricious standard of review historically has been construed narrowly, and we do not think that the legislature intended it to be interpreted as a broad, all-encompassing standard for reviewing the rationale of agency actions. Under the foregoing definition of the arbitrary and capricious standard of review, we hold that the Commission's orders in this case are not arbitrary nor do they constitute an abuse of discretion.

We conclude that the findings of fact made by the Commission comply with section 16(b) of the APTRA. The Commission's findings, inferences, conclusions, and decisions are supported by substantial evidence and do not constitute an abuse of discretion.

The judgment of the court of appeals is reversed, and the judgment of the trial court is affirmed.