Del A. SEARS, D.D.S., Appellant,

v.

**TEXAS STATE BOARD OF DENTAL EXAMINERS, Appellee.**

No. 3–88–046–CV.

Court of Appeals of Texas, Austin.

Oct. 19, 1988.

Rehearing Denied Nov. 23, 1988.

Bill Zook, Law Offices of Bill Zook, Austin, for appellant.

Jim Mattox, Atty. Gen., Brooks Wm. (Bill) Conover, III, Asst. Atty. Gen., Austin, for appellee.

Before SHANNON, C.J., and CARROLL, JJ.

SHANNON, Chief Justice.

Appellant Del A. Sears filed an administrative appeal in the district court of San Saba County complaining of a Texas State Board of Dental Examiners' order which suspended his license to practice dentistry for five years. The Board "probated" its suspension order for all but one hundred twenty days. The district court rendered judgment sustaining the agency order. This Court will affirm the judgment.

Sears has practiced dentistry in San Saba since 1976. He has suffered from back pain since 1973. When Sears was living in Houston, a medical doctor prescribed Percodan for Sears's back pain. After Sears moved to San Saba, medical doctors in San Saba also prescribed Percodan for his back condition. After a time, Sears began writing the prescriptions himself rather than, as he said, "bother" the only medical doctor in town. Between March 1979, and June 1983, Sears prescribed numerous units of Percodan for himself on thirty-two different occasions for treatment of back pain. Twenty-one of these self-prescriptions occurred during the last twenty four months of that period.

In its order, the Board concluded among other things that:

1. Dr. Del A. Sears is guilty of prescribing controlled substances not necessary or required in the practice of dentistry and where the prescription and use of such would promote and further addiction in violation of Article 4551h, V.A.T.S.

2. Dr. Del A. Sears is guilty of dishonorable conduct in the practice of dentistry by prescribing controlled substances to a person who is not his dental patient and not for a dental problem in violation of Article 4549, Section 2(c) [sic], V.A.T.S. and Board Rule No. 382.-19.21.001(9).

Sears faults the judgment sustaining the Board's order by several points of error. Sears claims by point of error five that the judgment erroneously sustained the Board's order because art. 4549, § 3(c) is unconstitutionally vague and denies him due process of law. He suggests that § 3(c) fails to place the "reasonable dental practitioner" on notice as to the exact conduct prohibited. Sears suggests correctly that since there is no evidence of gross incompetency or malpractice in the performance of his work, the basis for suspension under § 3(c) must have been "dishonorable conduct." Sears then asserts that

dishonorable conduct is so vague a standard that persons of reasonable intelligence must guess its meaning.

Sears's argument turns a blind eye to Board rule 382.19.21.001(9) which defines "dishonorable conduct":

Unprofessional conduct, dishonorable conduct, and immoral conduct are synonymous terms when applied to the conduct of a dental licensee and include the following:

\* \* \* \* \* \*

(9) prescribing or dispensing narcotic drugs, dangerous drugs, or controlled substances to or for a person who is not his dental patient, or not for a dental problem, except upon the request of another doctor legally entitled to so prescribe or dispense any of same.

■ Article 4549, § 3(c), taken together with the Board rule, makes clear the meaning of "dishonorable conduct." Sears does not challenge the validity of the Board rule upon any basis. Valid agency rules, promulgated within the agency's authority, have the force and effect of law. *Lewis v. Jacksonville Building and Loan Association,* 540 S.W.2d 307, 310 (Tex.1976). The point is overruled.

By point four, he attacks conclusion two, asserting that both the Board's pleading and conclusion two referred to a violation of Tex.Rev.Civ.Stat.Ann. art. 4549, § *2*(c) whereas the correct reference was art. 4549, § *3*(c).

There is no art. 4549 § 2(c). Article 4549 § 3(c) provides:

Sec. 3. The Texas State Board of Dental Examiners and the District Courts of this State shall have concurrent jurisdiction and authority, after notice and hearing as hereinafter provided, to suspend or revoke a dental license or a dental hygienist license, to place on probation a person whose license or certificate is suspended, or to reprimand a licensee or certificate holder, and in addition to or in lieu of said suspension, revocation, probation, or reprimand, to assess a fine in an amount not to exceed $2,500 payable to the dental registration fund for any one or more of the following causes:

\* \* \* \* \* \*

(c) That the holder thereof has been or is guilty of dishonorable conduct, malpractice or gross incompetency in the practice of dentistry or dental hygiene.

■ This Court overrules Sears's point for two reasons. First, Sears failed to complain of the incorrect citation in his motion for rehearing filed with the Board. To preserve error, the complaint must be asserted in the motion for rehearing and must be sufficiently definite to provide the agency notice of the claimed error. *Snead v. Texas State Board of Medical Examiners,* 753 S.W.2d 809, 810 (Tex.App.1988, no writ); *Burke v. Central Education Agency,* 725 S.W.2d 393 (Tex.App.1987, writ ref'd n.r.e.).

■ Second, Sears has not demonstrated that any substantial right was prejudiced by the incorrect citation to the statute. Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19(e). Both the agency pleading and conclusion two set out the substance of art. 4549, § *3*(c) thereby affording Sears adequate notice of the claimed violation and of the basis for suspension of his dental license. Point of error four is overruled.

■ Upon motion, the district court remanded the cause to the Board to take additional evidence concerning the period of suspension of Sears's license. Tex.Rev. Civ.Stat.Ann. art. 6252–13a, § 19(d)(2). During the Board's hearing upon remand, a Board member moved to fix the same punishment before Sears's counsel had an opportunity to present mitigating evidence. The Board tabled the motion. After hearing evidence of other orders suspending licenses of dentists for disparate periods of time under allegedly the same or similar circumstances, the Board promptly voted to visit upon Sears the same period of suspension as it had in its first order. This Board action is the basis for Sears's argument that the Board acted arbitrarily and capriciously.

In general, agency action in other proceedings has little relevance to the resolu-

tion of problems in an independent proceeding. *See Southern Union Gas Co. v. Railroad Commission,* 692 S.W.2d 137, 140 (Tex.App.1985, writ ref'd n.r.e.). In particular, the choice of penalty is vested in the agency, not in the courts. The agency is charged by law with discretion to fix the penalty when it determines that the statute has been violated. *Firemen's and Policemen's Civ. Serv. v. Brinkmeyer,* 662 S.W.2d 953 (Tex.1984). The point of error is overruled.

Sears has other points of error attacking the agency's conclusion one. The Board's order may be sustained upon either conclusion one or two. Since this Court has concluded that conclusion two is valid, it is not necessary to treat Sears's points attacking conclusion one.

The judgment is affirmed.