## TEXAS STATE BOARD OF DENTAL EXAMINERS, Appellant,

v.

## J. Louis SILAGI, D.D.S., Appellee.

### No. 08–88–00165–CV.

Court of Appeals of Texas, El Paso.

Jan. 5, 1989.

Rehearing Denied Feb. 8 and March 8, 1989.

Brooks W. Conover, III, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, for appellant.

John B. Luscombe, Jr., Hon. Ballard Shapleigh, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a judgment overruling a Texas State Board of Dental Examiners' order revoking the dental license of the Appellee. We reverse and render.

On January 3, 1985, Appellee anesthetized a patient while another dentist performed a dental restorative operation. An impression mold for the purpose of casting a tooth outline was placed in the patient's mouth for a protracted period of time without Appellee's knowledge. Appellee had departed the operating room to see another patient prior to the infixing of the mouth mold by the administering dentist. Upon his return, the Appellee found the patient

with a shallow pulse. Appellee's dental assistant of thirteen years had remained in the room along with two other assistants, but the administering dentist was not present. Appellee discovered and removed the impression tray. He attempted to revive the patient. The patient remained comatose until his death on January 9, 1985.

Appellee was charged and censured for the following violations: (1) Tex.Rev.Civ. Stat.Ann. art. 4549, sec. 3(h) (Vernon Supp. 1989), failing to use proper diligence in the conduct of his dental practice; (2) sec. 3(*l*), negligence in the performance of dental services which injured or damaged dental patients; and (3) sec. 3(c), dishonorable conduct, malpractice or gross incompetency in the practice of dentistry or dental hygiene. His dental license was duly revoked. The Board's order was invalidated on appeal to the district court under Tex.Rev.Civ.Stat. Ann. art. 6252–13a (Vernon Supp.1989) (The Administrative Procedure and Texas Register Act).

 Point of Error No. One contends the trial court erred in reversing the Board's order as it was reasonably supported by substantial evidence in the record as a whole. The substantial evidence test is applicable to cases involving judicial review of decisions of the Board of Dental Examiners. The test is whether the evidence as a whole is such that reasonable minds could have reached the conclusion that the agency must have reached in order to justify its action. In determining whether there is substantial evidence, the reviewing court may not substitute its judgment for the Board's, but must consider only the record upon which the decision is based. The burden is on the complaining party to demonstrate an absence of substantial evidence. *Texas State Board Of Dental Examiners v. Sizemore,* 759 S.W.2d 114 (Tex. 1988) reversing, 747 S.W.2d 389 (Tex.App. —Dallas 1987). If the evidence supports any one of the Appellant's findings, the decision of the Appellant must be affirmed by the court. *Gerst v. Goldsbury,* 434 S.W.2d 665, 668 (Tex.1968). The determination of the credibility of the witness is exclusively within the province of an administrative agency. *Gerst v. Guardian Savings and Loan Association,* 434 S.W. 2d 113, 116 (Tex.1968).

The State's expert witness testified that Appellee failed to conduct an adequate preliminary medical examination, testing and history of the patient; that he failed to provide adequate monitoring equipment to support anesthesia and failed to monitor the patient by leaving the room; that he failed to properly intubate an air passageway; that he failed to exercise proper CPR procedures; and that these particulars were violative of the statutes requiring diligence and lack of negligence in the practicing of dentistry and below the standard of practice in the community. This testimony was unrebutted. The defense presented evidence of the Appellee's reputation for professional competence and honorableness.

The district court found the Board's failure to find the administering dentist in violation of any rules was evidential of an arbitrary and capricious finding against the Appellee. Tex.Rev.Civ.Stat.Ann. art. 6252–13a, sec. 19(6) states that the reviewing court shall reverse a board's decision if it is arbitrary, capricious, characterized by abuse of discretion or a clearly unwarranted exercise of discretion. In *Texas Health Facilities Commission v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446 (Tex. 1984), the Court held that instances may arise in which the agency's action is supported by substantial evidence, but is arbitrary and capricious. These instances must be construed narrowly.

 The testimony disclosed that the monitoring of a patient's airway is the responsibility of the dentist that is administering the anesthesia. The fact that the death would not have occurred but for the actions of the treating dentist in placing the impression tray in the patient's mouth does not eliminate or obviate the reported obligation of the dispensor of anesthesia to properly accommodate and safeguard the patient's airway and apply resuscitation procedures in an expert manner.

The State's expert witness based his opinions on records furnished him that did not include a certain toxicology report. The witness stated he did not need the report to form his opinions. Appellee claims this to be another presumptive manifestation of an arbitrary and capricious holding. Exclusion of evidence may not be urged unless the proponent perfected an offer of proof or bill of exception. *Texas Employers' Insurance Association v. Garza,* 557 S.W.2d 843 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). The members of the Board were in a better position to determine the relevance and materiality of the report than a reviewing judge unendowed with evaluation evidence or expertise.

Dentists, upon proof of acquisition of certain equipment and educational requirements, may obtain permission of the Board to administer office general anesthesia. The State's expert witness limited his testimony about Appellee's performance deficiencies to embrace only his anesthesia practices and excluded any opinion as to his general dentistry skills. Appellee claims the action of the Board in revoking the dental license instead of invalidating his permit to administer anesthesia is further evidence of an arbitrary and capricious act by the Board. This was not a finding by the district court and is not before us for review.

The trial court concluded that some of the Board's findings of fact were improper as they were expressed in the conclusionary terms of the statute. However, the remaining findings adequately express factual matter based upon the evidence sufficient to support their conclusions of law. Point of Error No. One is sustained.

Point of Error No. Two states the district court erred by substituting its judgment for that of the Board. It specifically complains of the court filing its own findings of fact. This point is similar in nature to Point of Error No. One and is sufficiently covered in the preceding paragraphs. Point of Error No. Two is sustained.

Point of Error No. Three attacks the district court's finding that failure of the Board to find that the administering dentist's action was the proximate cause of the patient's death was arbitrary and capricious. This is also fused with and controlled by Point of Error No. One and is sustained.

Point of Error No. Four disputes the district court's findings that the Board findings violated the constitutional due process rights of the Appellee. The basic elements of due process at the agency level are notice, hearing and an impartial trier of facts. *In re Oliver,* 333 U.S. 257, 273, 68 S.Ct. 499, 507, 92 L.Ed. 682 (1948). Tex.Admin.Proc. and Tex.Reg.Act. art. 6252–13a, sec. 13(a), (b) and (c) provides for a reasonable notice of not less than ten days prior to hearing, and the notice must include the time, place and nature of hearing; the legal authority and jurisdiction of the agency administering the action; a reference to the particular sections of the statutes and rules involved; and a short plain statement of the matters asserted. It also provides that if the agency is unable to state the matters in detail in the notice served, upon timely written application, a more definite and detailed statement must be furnished not less than three days prior to the date set for hearing. On October 7, 1985, the Board received an "Exception to Complaint" stating the Appellee was unable to defend himself due to a lack of specificity of the violations. Section 13(a) is not constitutionally infirm, there was substantial compliance by the Board, and the exception was untimely filed by the Appellee.

Appellant also protests the district court's invalidating the Board's order of November 15, 1985, which was signed by all twelve members when only seven participated and voted at the hearing. All seven found the allegations to be true, and four of the seven voted to revoke Appellee's dental license. The order reflects the actual participating members. In absence of statutory provision, the common-law rule that a majority of all members of a board constitutes a quorum is applicable. 73 C.J.S., sec. 20, at 392 (1983). Tex.Gov't.

Code Ann. sec. 311.013 (Vernon 1988) provides:

(a) a grant of authority to three or more persons as a public body confers the authority on a majority of the number of members fixed by statute.

A majority of the members presided and the appearance of the signatures of all members on the order alone shows no harm. *State v. Crank*, 666 S.W.2d 91 (Tex. 1984).

■■■■ Finally, Appellant asserts the district court erred in holding the Board's decision to overrule the Appellee's Motion for Rehearing was arbitrary and capricious. Rehearings are not essential to due process of law in administrative proceedings. *G & H Motor Freight Lines v. Railroad Commission*, 140 S.W.2d 946 (Tex. Civ.App.—Austin 1940, writ dism'd judgmt cor.). The order refusing the rehearing was signed by all members. The granting of a rehearing by an administrative agency is a discretionary matter. *Braswell Motor Freight Lines, Inc. v. United States*, 275 F.Supp. 98, 103 (W.D.Tex.1967), Aff'd 389 U.S. 569, 88 S.Ct. 692, 19 L.Ed.2d 779 (1968). The affirmative action of granting a rehearing would have required a majority present to sanction. Only five were in favor, five were against and one abstained. Appellee contends that some of those who voted were not familiar with the record in the case and therefore not qualified to pass on a motion for rehearing. The record is void, however, about the amount of knowledge each voting member may have possessed. Point of Error No. Four is sustained.

Judgment of the district court is reversed and judgment rendered affirming the Board of Dental Examiners' order revoking the dental license of Appellee.

## OPINION ON MOTION FOR REHEARING

■■■■ In a motion for rehearing, Appellee re-urges his point that the revocation of the Appellee's dental license because of substandard anesthesiological practices must illustrate an arbitrary and capricious act. In reviewing *Texas Health Facilities Commission v. Charter Medical–Dallas, Inc.*, 665 S.W.2d 446 (Tex.1984), the Supreme Court recognized that while all decisions made under the Texas Administrative Procedure and Texas Register Act that are unsupported by substantial evidence are arbitrary ones, there are arbitrary decisions that can be made even if substantial evidence is present to support the decision. Again, a narrow interpretation is required. In *Lewis v. Metropolitan Savings and Loan Association*, 550 S.W.2d 11 (Tex. 1977), the refusal by the agency to consider clearly competent, material and properly tendered evidence was a denial of due process and therefore arbitrary. In *Railroad Commission v. Alamo Express*, 158 Tex. 68, 308 S.W.2d 843 (1958), an agency was found to have acted in an arbitrary manner when it totally failed to make findings of fact and instead based its decision on findings in another case. Arbitrary and capricious action was also found when an agency based its decision on non-statutory criteria. *Public Utility Commission Of Texas v. South Plains Electric Cooperative, Inc.*, 635 S.W.2d 954 (Tex.App.—Austin 1982, writ ref'd n.r.e.). These cases were all offensive to due process in that the opportunity to be heard was unduly restricted and the orderly procedures were violated. *Masonic Grand Chapter Of Order Of Eastern Star v. Sweatt*, 329 S.W.2d 334, 337 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n.r.e.). In this case, the permit to administer anesthesia was subordinate to the dental license. It was a medical specialty for which the dentist had qualified to practice. It is no more a violation of fair play to revoke the dental license in this instance than it would be to revoke a medical doctor's license for improper practice of medicine within or without his specialty, or to revoke a lawyer's license for improper practice within or without his board certified area. In narrowly construing the case of *Texas Health Facilities Commission v. Charter Medical–Dallas, Inc.*, we believe the finding of an act, which is supported by substantial evidence, to be arbitrary and capricious must be based on a violation of due process or some other unfair or unreasonable conduct that shocks the conscience.

To allow any less of a standard would merely allow the reviewing court to impermissibly substitute its judgment for the expertise of the administrative officers in the exercise of their statutory discretion. *Gerst v. Goldsbury,* 434 S.W.2d 665 (Tex. 1968).

Furthermore, Appellee failed to assert this particular contention in his motion for rehearing before the Board and it was therefore waived. *Sears v. Texas State Board Of Dental Examiners,* 759 S.W.2d 748 (Tex.App.—Austin 1988). It was also not one of the considerations taken by the reviewing court in its assessment of arbitrary action by the Board.

Appellee's motion for rehearing is overruled.