Rabe 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00167-CV







David Rabe, Appellant



v.



Lionel R. Meno, Commissioner of Education of the State of Texas; Central Education


Agency; and Lewisville Independent School District, Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 94-06999, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING







 David Rabe had a contract with the Lewisville Independent School District to teach
science and coach basketball in a middle school for the school year 1992-93. In November 1992
the school district discharged Rabe in mid-term because of "immorality." Tex. Educ. Code Ann.
§ 13.109(a)(1) (West 1991). Rabe filed a petition for review with the State Commissioner of
Education. In April 1993 the Commissioner denied Rabe's appeal. Rabe sought judicial review
of this action in the district court of Travis County, and the trial court affirmed the
Commissioner's decision. We will affirm the trial court's judgment. 



BACKGROUND


 The incidents leading to the charges of immorality against Rabe include a visit to
a thirteen year old female student's home at 10:30 p.m. when he knew her parent was not at
home; grabbing the wrists of this same student and kissing her on the mouth in a storage room
at school; and writing inappropriately romantic notes to the student. In three points of error, Rabe
alleges that there is not substantial evidence to support the Commissioner's finding that he kissed
this student and that the late night visit and the letter writing constituted immoral conduct. In a
fourth point of error, Rabe alleges that the Commissioner and the district court placed an unjust
and arbitrary and capricious burden on him by requiring him to prove a motivation for the young
student to fabricate her allegation of the kiss. 



STANDARD OF REVIEW


 The findings of an administrative agency will be sustained if they are reasonably
supported by substantial evidence. See Administrative Procedure Act ("APA"), Tex. Gov't Code
Ann. § 2001.174(2)(E) (West 1995). In conducting a substantial evidence review, we determine
whether the evidence as a whole is such that reasonable minds could have reached the same
conclusion as the agency. Texas State Bd. of Dental Examiners v. Sizemore, 759 S.W.2d 114,
116 (Tex. 1988), cert. denied, 490 U.S. 1080 (1989); Texas Health Facilities Comm'n v. Charter
Medical-Dallas, Inc., 665 S.W.2d 446, 453 (Tex. 1984). We may not substitute our judgment
for that of the agency and may only consider the record on which the agency based its decision. 
Sizemore, 759 S.W.2d at 116. The appealing party bears the burden of showing a lack of
substantial evidence and cannot meet this burden merely by showing that the evidence
preponderates against the agency decision. Charter Medical, 665 S.W.2d at 452-53. When there
is substantial evidence which would support either affirmative or negative findings, the order will
be upheld even though the Commissioner arrived at a decision contrary to that which the
reviewing court might have reached. Auto Convoy Co. v. Railroad Comm'n, 507 S.W.2d 718,
722 (Tex. 1974).



ANALYSIS


 We begin by reviewing Rabe's complaint that there is no substantial evidence to
support the finding that he kissed the young student. The student said he kissed her on the mouth;
her testimony was corroborated by another student to whom she reported the kiss immediately
after it happened, and who described the girl as "upset; . . . crying . . . ." Rabe denied that he
kissed the student. Determining the credibility of the witnesses is the province of the agency. 
Gulf States Util. Co. v. Coalition of Cities for Affordable Util. Rates, 883 S.W.2d 739, 747 (Tex.
App.--Austin 1994, no writ). The Commissioner was entitled to believe the student and not the
teacher. In reaching this conclusion, the Commissioner noted the teacher's inconsistent stories
about his motivation for visiting the same student late at night. The student's testimony,
corroborated by her friend's story, is some evidence that supports the Commissioner's finding that
Rabe kissed this student. Nor are we persuaded that the Commissioner imposed an unjust,
arbitrary and capricious burden on Rabe in the statement, "He has not provided any basis for [her]
to be fabricating her contentions." Rabe believes the Commissioner made an incorrect decision;
we hold the Commissioner properly exercised its discretion to weigh the credibility of the
witnesses in finding that this teacher kissed this student. We overrule points of error three and
four.

 In his first two points of error Rabe complains that there is not substantial evidence
to conclude that his late-night visit and romantic notes to this student constituted immoral conduct. 
In October 1992 two female students called Rabe, informed him that they were "home alone," and
invited him to come by at approximately 10:30 p.m. on a Saturday night. Rabe testified that they
enticed him to come, against his better judgment, by saying they would call some boys to bring
liquor over if he didn't come. He asserts his motive in making this inappropriate visit was the
girls' safety. By his own testimony he parked two blocks away so his car (which had personalized
tags) would not be identified and in order to protect the girls' reputations. Despite Rabe's
assertion that he was concerned about the girls' safety, he did not make an effort to call either of
their parents, even though one girl's father was a police officer. Nor did he take anyone with him
to investigate their "dangerous" situation. Finally, Rabe did not leave upon determining that there
was no alcohol on the premises; instead this forty-plus year old teacher stayed for an hour to
watch videos with the thirteen year olds. Shortly after this visit, Rabe wrote a letter addressed
to "Sweet Emily" which contained the following remarks: 



Hi! How are you? I hope this correspondence finds you particularly well! You
certainly look well today (in your pretty skirt). I think your brother was off the
mark . . . you look too incredible to be a school teacher. Well, are you excited
about the homecoming parade? You'll be the cutest girl there! I hope I get back
from the volleyball game to see it (& you! esp) What are you doing afterwards? 
Now it's tutorial (oh, boy) but you've gone for your picture (all A's). And I had
just gotten you a special surprise!!??! Oh, well I guess I'll see you in 7th period. 
Give me a call, a note, or a smile!



Rabe signed the note, "From the one who likes you `bestest' of all!!" The note and the late-night
visit constitute more than some evidence that this teacher had lost his moral compass. We
overrule points of error one and two.



CONCLUSION


 Finding no error, we affirm the trial court's judgment upholding the
Commissioner's decision.



 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: November 22, 1995

Do Not Publish 


Gulf States Util. Co. v. Coalition of Cities for Affordable Util. Rates
, 883 S.W.2d 739, 747 (Tex.
App.--Austin 1994, no writ). The Commissioner was entitled to believe the student and not the
teacher. In reaching this conclusion, the Commissioner noted the teacher's inconsistent stories
about his motivation for visiting the same student late at night. The student's testimony,
corroborated by her friend's story, is some evidence that supports the Commissioner's finding that
Rabe kissed this student. Nor are we persuaded that the Commissioner imposed an unjust,
arbitrary and capricious burden on Rabe in the statement, "He has not provided any basis for [her]
to be fabricating her contentions." Rabe believes the Commissioner made an incorrect decision;
we hold the Commissioner properly exercised its discretion to weigh the credibility of the
witnesses in finding that this teacher kissed this student. We overrule points of error three and
four.

 In his first two points of error Rabe complains that there is not substantial evidence
to conclude that his late-night visit and romantic notes to this student constituted immoral conduct. 
In October 1992 two female students called Rabe, informed him that they were "home alone," and
invited him to come by at approximately 10:30 p.m. on a Saturday night. Rabe testified that they
enticed him to come, against his better judgment, by saying they would call some boys to bring
liquor over if he didn't come. He asserts his motive in making this inappropriate visit was the
girls' safety. By his own testimony he parked two blocks away so his car (which had personalized
tags) would not be identified and in order to protect the girls' reputations. Despite Rabe's
assertion that he was concerned about the girls' safety, he did not make an effort to call either of
their parents, even though one girl's father was a police officer. Nor did he take anyone with him
to investigate their "dangerous" situation. Finally, Rabe did not leave upon determining that there
was no alcohol on the premises; instead this forty-plus year old teacher stayed for an hour to
watch videos with the thirteen year olds. Shortly after this visit, Rabe wrote a letter addressed
to "Sweet Emily" which contained the following remarks: 



Hi! How are you? I hope this correspondence finds you particularly well! You
certainly look well today (in your pretty skirt). I think your brother was off the
mark . . . you look too incredible to be a school teacher. Well, are you excited
about the homecoming parade? You'll be the cutest girl there! I hope I get back
from the volleyball game to see it (& you! esp) What are you doing afterwards? 
Now it's tutorial (oh, boy) but you've gone for your picture (all A's). And I had
just gotten you a special surprise!!??! Oh, well I guess I'll see you in 7th period. 
Give me a call, a note, or a smile!



Rabe signed the note, "From the one who likes you `bestest' of all!!" The note and the late-night
visit constitute more than some evidence that this teacher had lost his moral compass. We
overrule points of error one and two.



CONCLUSION