George A. BALLA, M.D., Appellant,

v.

**TEXAS STATE BOARD OF MEDICAL EXAMINERS, Appellee.**

No. 05–84–01174–CV.

Court of Appeals of Texas, Dallas.

May 31, 1985.

Rehearing Denied July 2, 1985.

Richard M. Hunt, Robert F. Maris, Glast, Ungerman, Vickers, Miller & Allen, Dallas, for appellant.

Jim Mattox, Atty. Gen., David R. Richards, Executive Asst. Atty. Gen., J. Patrick Wiseman, Chief, State & County Affairs, Susan Hendricks, Asst. Atty. Gen., Austin, for appellee.

Before STEPHENS, ALLEN and McCLUNG, JJ.

STEPHENS, Justice.

George A. Balla, M.D., appeals an order of a district court of Dallas County affirming a decision by the Texas Board of Medical Examiners to revoke his license to practice medicine. Balla complains that the Board's decision was not supported by substantial evidence; that it was issued pursuant to illegal procedures; and that it was issued under procedures that denied him his right to a fair hearing of the claims against him. We disagree with each contention and, accordingly, we affirm the judgment of the trial court.

Balla had been licensed to practice medicine in Texas since 1948. In 1974, he began specializing in the area of weight control. As a part of his practice he issued patient prescription orders for amphetamine and amphetamine-like drugs through the mail. An investigation of Balla's practice began in January, 1981, after two members of the Board received complaints about Balla's practice. In the summer of 1981, Richter, an investigator for the Board, forwarded a "mail program" form to Balla from Austin. In return, Richter received prescriptions for various amphetamines, including Ionamin, Dexedrine, and Biphetamine. As a result, a formal complaint was filed against Balla. On October 23, 1981, the Board conducted a hearing of the complaint which alleged that, on nine separate occasions, Balla had prescribed certain specified controlled substances without "a proper medical examination to determine if such drugs were medically necessary or medically indicated for treatment of any illness or medical condition." After an affirmative finding of these facts, the Board revoked Bala's license to practice medicine, holding that such conduct constituted a "professional failure to practice medicine in an acceptable manner consistent with public health and welfare."

Balla first asserts that the Board's findings of fact are not supported by substantial evidence. Under this point of error, Balla complains that the testimony of Dr. James Maddux, a witness before the board, was inadequate because it failed to establish the professional standard against which his conduct should have been judged and because Dr. Maddux was not qualified as an expert witness. The record reveals that Dr. Maddux is a licensed physician in the State of Texas; that he graduated from the University of Georgia School of Medicine in 1941; that he worked for 27 years in the United States Public Health Service; and that for the last 10 years he had concentrated his efforts in the field of drug abuse. He testified extensively as to his familiarity with the use of amphetamine and amphetamine-like drugs. He further testified that he had treated obesity, although he did not consider himself a special expert in that field. Dr. Maddux testified to the commonly accepted conditions for which amphetamines are used and how physicians, generally, should prescribe controlled substances. He testified to the proper use and prescription of amphetamine drugs in a weight control program. He testified that Balla's treatment of Investigator Richter, as described in the complaint, "would not be acceptable medical practice."

 Balla made no objection that Dr. Maddux was not qualified to testify as an expert witness; we hold that he was so qualified. Furthermore, despite Balla's argument to the contrary, we conclude that the fact that Dr. Maddux did not specialize in the same field as Balla did not preclude the consideration of his testimony. *See Webb v. Jorns*, 488 S.W.2d 407 (Tex.1972); *Lee v. Andrews*, 545 S.W.2d 238, 245 (Tex. Civ.App.—Amarillo 1976, writ dism'd).

 The substantial evidence rule test, as set out in *Dotson v. Texas State Board of Medical Examiners*, 612 S.W.2d 921 (Tex.1981), is "whether the evidence as a whole is such that reasonable minds could have reached the conclusion that the agency must have reached in order to justify its action." Our review of the evidence before the Board satisfies us that its decision was

based upon substantial evidence. Balla's first point of error is overruled.

■ In his second point of error, Balla contends that the Board's decision was made upon illegal procedures and in violation of his rights of due process. Specifically, he complains that where a statutory violation is shown to have occurred, the decision must be reversed. Further, he urges that a showing of harm is not required. We disagree. In *Texas Health Facilities Commission v. Charter Medical-Dallas, Inc.,* 665 S.W.2d 446 (Tex.1984), the supreme court stated that the Texas Administrative Procedure and Texas Register Act, TEX.REV.CIV.STAT.ANN. art. 6252–13a (Vernon Supp.1985) (APTRA), "codifies the principal of judicial review under the substantial evidence rule" and allows a reviewing court to reverse an agency decision in the absence of substantial evidence "only if such absence has prejudiced substantial rights of the litigant." 665 S.W.2d at 452.

The APTRA became effective on January 1, 1976. Section 19(e) provides, in pertinent part, as follows:

Where the law authorizes review under the substantial evidence rule ... the court may not substitute its judgment for that of the agency as to the weight of the evidence on questions committed to agency discretion but may affirm the decision of the agency in whole or in part and shall reverse or remand the case for further proceedings *if substantial rights of the appellant have been prejudiced* because the administrative findings, inferences, conclusions or decisions are:

(1) in violation of constitutional or statutory provisions;

(2) in excess of the statutory authority of the agency;

(3) made upon unlawful procedures;

(4) affected by other error of law;

(5) not reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole; or

(6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion (emphasis added).

In *Imperial American Resources Fund Inc. v. Railroad Commission of Texas,* 557 S.W.2d 280 (Tex.1977), one of the supreme court's first decisions applying the APTRA to review of an agency decision, the court cited *Lewis v. Guaranty Federal Savings and Loan Association,* 483 S.W.2d 837 (Tex.Civ.App.—Austin 1972, writ ref'd n.r.e.) for the rule, later codified in § 19(e), that "if a showing of harm or prejudice is made" because of the agency's failure to comply with a statute or rule, a reversal and remand is required. 557 S.W.2d at 288. Although the court did not cite § 19(e), its decision is consistent with the rule that a court may only reverse an agency decision based on a finding that the agency committed one or more of the six errors stated in § 19(e) if, as a result of the error, substantial rights of the appellant have been prejudiced. Balla's second point of error is overruled.

■ Finally, in his remaining points of error, Balla contends that the Board improperly used its own expertise; that the Board was illegally constituted; that the Board violated its own rule concerning the preparation and signing of its order; that Board members engaged in improper ex parte contacts with complaining witnesses and investigators; that the Board made findings on matters not contained in the notice of hearing; and that these matters denied him a fair hearing. Assuming, without deciding, that one or more of these matters occurred, we conclude that the cases we have cited require an appellant to show harm or prejudice before such violation will result in reversal. Balla failed to show how he was harmed or prejudiced by these alleged violations. These complaints are overruled.

Having concluded that the Board's decision to revoke Balla's license to practice medicine in the State of Texas was supported by substantial evidence, and that Balla's contentions that certain procedures were violated is unsupported by proof of

harm or prejudice, we affirm the judgment of the trial court.