TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00169-CV






Georgie Bassili Soliman, Appellant



v.



Board of Law Examiners, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 98-09969, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING 






 Georgie Bassili Soliman appeals from the trial court judgment that affirmed an order
of the Board of Law Examiners (the Board) revoking his probationary law license. We will affirm
the trial court judgment.


Factual and Procedural Background



 In May 1995, a hearings panel of the Board considered Soliman's application for
admission to the practice of law. The Board conditionally approved Soliman's good moral
character and recommended him for a probationary license, subject to certain conditions. Soliman
passed the bar examination in 1996. In December 1997 Soliman failed to comply with the
conditions of his probationary license. The Board held a second hearing concerning Soliman's
license and decided to amend the conditions of his probationary license and extend the
probationary term until September 1999. Soliman did not appeal from either the initial order
issuing only a probationary license or the order that resulted from the second hearing.

 Soliman was issued a probationary license because of concerns about financial
problems, including failure to remit employee withholding taxes to the Internal Revenue Service
(IRS). The terms included bringing his debt with the IRS current, making payments toward
retiring other debt and filing regular reports concerning his financial condition with the Board. 
The amended probationary license included the condition that Soliman enroll in the Consumer
Credit Counseling Service (CCCS) program.

 After Soliman failed to comply with the amended terms of his probationary license,
and declared his refusal ever to comply with the CCCS provision, the Board notified Soliman of
a hearing to be held in June 1998 to consider whether Soliman failed to comply with one or more
conditions of his probationary license; if so, whether that license should be revoked; and whether
Soliman lacked the good moral character or fitness required for admission to the practice of law. 
At the June hearing, the Board determined that Soliman failed to comply with three of the
conditions of his probationary license; that it should recommend revocation of that license; and
that appellant's failure to comply with the conditions of that probationary license indicated that he
lacked the present good moral character required for admission to the practice of law. The Board
issued an order to that effect June 17, 1998.

 On appeal, Soliman brings three issues, all of which assert that substantial evidence
does not support the Board's judgment.

Discussion



 We review the Board's decision under the substantial evidence rule. Tex. R.
Governing Bar Admission 15(j)(5); Board of Law Exam'rs v. Stevens, 868 S.W.2d 773, 777 (Tex.
1994). Although the Administrative Procedure Act(1) (APA) does not control Board proceedings,
APA provisions that consider the scope of judicial review under the substantial evidence rule are
helpful. Board of Law Exam'rs v. Allen, 908 S.W.2d 319, 321 (Tex. App.--Austin 1995, no
writ). In conducting a substantial-evidence review, we must first determine whether the evidence
as a whole is such that reasonable minds could have reached the conclusion the agency must have
reached in order to take the disputed action. Texas State Bd. of Dental Exam'rs v. Sizemore, 759
S.W.2d 114, 116 (Tex. 1988), cert denied, 490 U.S. 1080 (1989); Texas Health Facilities
Comm'n v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 453 (Tex. 1984); Unglaub v. Board
of Law Exam'rs, 979 S.W.2d 842, 845 (Tex. App.--Austin 1998, pet. denied). We may not
substitute our judgment for that of the agency and may consider only the record on which the
agency based its decision. Sizemore, 759 S.W.2d at 116. The appealing party bears the burden
of showing a lack of substantial evidence. Charter Med., 665 S.W.2d at 453; Unglaub, 979
S.W.2d at 845. The appealing party cannot meet this burden merely by showing that the evidence
preponderates against the agency decision. Charter Med., 665 S.W.2d at 452; Unglaub, 979
S.W.2d at 845. If substantial evidence would support either affirmative or negative findings, we
must uphold the agency decision and resolve any conflicts in favor of the agency decision. Auto
Convoy Co. v. Railroad Comm'n, 507 S.W.2d 718, 722 (Tex. 1974); Unglaub, 979 S.W.2d at
845.

 We note at the outset that appellant has not tendered an administrative record. The
Board's order is presumed valid and legal, and Soliman has the burden to show error. Charter
Med., 665 S.W.2d at 453; City of San Antonio v. Texas Water Comm'n, 407 S.W.2d 752, 758
(Tex. 1966). Absent a properly presented administrative record, Soliman cannot meet that burden. 
Texas Dep't of Pub. Safety v. Lavender, 935 S.W.2d 925, 929 (Tex. App.--Waco 1996, writ
denied); Hassell v. Board of Nurse Exam'rs, 695 S.W.2d 284, 285 (Tex. App.--Austin 1985, no
writ). We do not end our analysis with the failure to present an adequate record, however,
because the text of Soliman's argument in his brief differs from the statement of his issues. See
Tex. R. App. P. 38.9 (liberal construction of briefs).

 Although Soliman asserts a lack of substantial evidence in his statement of the issues
on appeal, his argument in his brief does not contest his failure to comply with the probationary
conditions at issue; rather he argues that the conditions themselves are improper. The focus of
his argument is that financial problems are not a character trait relevant to showing a lack of good
moral character, an argument already rejected by the Texas Supreme Court. Stevens, 868 S.W.2d
at 780-81. He attempts to distinguish his situation from that in Stevens because he has been
making payments to the IRS, and did not fail to pay taxes for the fourteen-year period in Stevens. 
However, the evidence in front of the Board showed other financial problems involving creditors
other than the IRS. Further, a failure to pay employee withholding taxes is a failure to properly
handle money that should have been remitted to the IRS on behalf of persons other than Soliman. 
Such an action, which was taken during a period of business difficulty, creates a logical inference
that Soliman may have problems handling a client's trust account, establishing a rational link
between a character trait and the likelihood of harming a client or violating a disciplinary rule. 
Stevens, 868 S.W.2d at 778; Tex. Gov't Code Ann. § 82.028(c)(1) (West 1998); Tex. R.
Governing Bar Admission 4(b).

 Finally, another basis exists for affirming the Board's order. Appellant did not
challenge either the original or amended conditions of his probationary license, and we cannot
revisit them now. Unglaub, 979 S.W.2d at 851. The admitted failure to comply with probationary
conditions constitutes a sufficient ground for revocation. Id. 


Conclusion



 We have found several bases for upholding the Board's order. Accordingly, we
overrule appellant's three issues presented and affirm the trial court judgment.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Yeakel

Affirmed

Filed: December 21, 2000

Do Not Publish

1. Tex. Gov't Code Ann. §§ 2001.001-.902 (West 2000).


) does not control Board proceedings,
APA provisions that consider the scope of judicial review under the substantial evidence rule are
helpful. Board of Law Exam'rs v. Allen, 908 S.W.2d 319, 321 (Tex. App.--Austin 1995, no
writ). In conducting a substantial-evidence review, we must first determine whether the evidence
as a whole is such that reasonable minds could have reached the conclusion the agency must have
reached in order to take the disputed action. Texas State Bd. of Dental Exam'rs v. Sizemore, 759
S.W.2d 114, 116 (Tex. 1988), cert denied, 490 U.S. 1080 (1989); Texas Health Facilities
Comm'n v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 453 (Tex. 1984); Unglaub v. Board
of Law Exam'rs, 979 S.W.2d 842, 845 (Tex. App.--Austin 1998, pet. denied). We may not
substitu