NUMBER 13-01-155-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

DOMINGO MATUREY,                                                           Appellant,

 

                                                   v.

 

TEXAS DEPARTMENT OF CRIMINAL

JUSTICE - INSTITUTIONAL DIVISION, ET AL.,                         Appellees.

 



 

                        On appeal from the 156th District Court

                                    of Bee County, Texas.

 



 

                                   O P I N I O N

 

          Before Chief Justice Valdez and Justices Yañez
and Castillo

                                  Opinion by Justice Castillo

 








Appellant Domingo
Maturey appeals from the trial court order affirming the Texas Department of
Criminal Justice - Institutional Division (TDCJ-ID) administrative ruling that
he participated in a prison riot and assessing damages against his inmate trust
account.  In six issues presented,
Maturey alleges errors related to the TDCJ-ID administrative hearing and the
evidence supporting the decision.  We
affirm.  

Factual Background

Maturey is an inmate
incarcerated at the TDCJ-ID prison in Beeville. 
On December 20, 1999, a prison riot occurred in the administrative
segregation area of the McConnell Unit of that prison.  A TDCJ-ID administrative hearing was held on
January 11, 2000, and appellant was found to have participated in the December
20th riot.  He was assigned a pro rata
share of the responsibility for the property damage caused by the riot and, as
a result, $534.97 was assessed against his inmate trust account.  

Maturey exhausted his
administrative remedies through the TDCJ-ID grievance system and then
petitioned for district court review of the administrative ruling pursuant to
government code section 500.002.  Tex. Gov=t
Code Ann. ' 500.002 (d) (Vernon 1998).  TDCJ-ID filed a plea to the jurisdiction,
claiming that Maturey had failed to timely file suit, but that plea was denied
by the trial court.  The trial court
found that the evidence supported the TDCJ-ID administrative ruling, and
entered final judgment against Maturey on December 19, 2000.  This appeal ensued.  

Analysis

In his brief, Maturey
presents six points of error.  As
presented, they are: 

(1) Appellant
complains that there is no substaitial [sic] evidence to support agancy [sic]
decision.








 

(2) Appellant was not
presant [sic] at disciplinary hearing.

 

(3) Appellant did not
have the opportunity to show witnesses or evidence at the disciplinary hearing.

 

(4) Cases were given nearly
seventeen days later.  When an allegation
is brought forth by an officer, officer has seventy-two hours to present [sic]
that case to the inmate.

 

(5) There is no videotapes, pictures to show as evidence, which at a
time of a disturbants [sic] is to be a video cammra [sic] at all times.

 

(6) Appellant=s case has not been
fully investigated properly to the fullest. 


 

Issue numbers four and
six relate to alleged errors made during the TDCJ-ID investigation and do not
allege any error made by the trial court. 
These issues fail to raise arguable points that we may address.  See Tex.
Gov=t
Code Ann. ' 500.002(d) (Vernon
1998) (district courts are the forum for reviewing administrative hearings); Tex. R. App. P. 25.1 (appellate courts
are the forum for review of district court actions).  Therefore, we overrule these issues.  

Issue number two
alleges that the appellant was denied the right to be present at the
disciplinary hearing.  Issue number three
asserts that appellant was not allowed to present witnesses or evidence at the
disciplinary hearing.  We construe both of
these points as a challenge to the due process afforded to appellant at the disciplinary
hearing.  








However, a prisoner
has no absolute or guaranteed due process right to appear at a disciplinary
hearing.  Covarrubias
v. Tex. Dept. of Criminal Justice-Institutional Div., 52 S.W.3d 318, 325-26
(Tex. App.-Corpus Christi 2001, no pet.) (citing
Moody v. Miller, 864 F.2d 1178, 1181 (5th Cir. 1989)).  Where the prisoner is unable to attend the
disciplinary hearing, due process requirements are met, and the hearing may be
held without him, provided that Aall of the other
requirements of due process that are called for under the circumstances@ are met.  Covarrubias, 52 S.W.3d at 325 (quoting
Moody, 864 F.2d at 1181).  

In the present case,
the Ahearing information@ section contained in
the ADisciplinary Report
and Hearing Record@ reflects that Maturey
was excluded from the hearing due to his disruptive behavior that posed a
threat to unit security at the time that the prison staff attempted to escort
him to the disciplinary hearing.  The AService Investigation
Worksheet@ states that Maturey
was appointed a Acounsel substitute@ who represented
Maturey in the hearing.  We defer to the
determination of the TDCJ-ID that the inmate=s actions posed a security risk and find that,
since there is no guaranteed right to appear at a disciplinary hearing and that
Maturey was represented by counsel at the hearing, Maturey=s absence at the
disciplinary hearing presents no due process violation.   








The only other due
process concern alleged by Maturey is contained in issue number three.  In issue three, Maturey states that he was
not allowed to call witnesses or present evidence at the disciplinary
hearing.   This claim is not supported by
the facts in this case.  The APreliminary
Investigation Report@ that was presented at
the disciplinary hearing contained Maturey=s statement that he
did not leave his cell during the riot and closed the door to the cell when it
opened.  The AService Investigation
Worksheet@ contains a similar
statement by Maturey, indicating that he did not participate in the riot and
closed his door instead.  The worksheet
further indicates that both Maturey=s statement and the
testimony of his witness, a fellow prisoner, were considered at the
disciplinary hearing, along with the testimony of the charging officer.  Maturey has made no specific claim that there
was other evidence that he wished to present demonstrating his lack of
culpability for the damage caused. 
Further, he was represented by counsel at the hearing who had the
opportunity to call additional witnesses on Maturey=s behalf.  We cannot therefore find that there was a due
process violation in this case regarding Maturey=s ability to adduce evidence on his own behalf at the prison disciplinary hearing.  

Accordingly, issues
number two and three are overruled.  

Issue numbers one and
five both allege a failure of the evidence to support the conviction.  We will therefore consider these two issues
together.

A TDCJ-ID inmate is
liable for damage he intentionally inflicts on state property.  Tex.
Gov=t
Code Ann. ' 500.002(a) (Vernon
1998).  If multiple inmates are involved
in causing damage, each inmate is jointly and severally liable for the
harm.  Id.  The State=s claims for property damage must be adjudicated
through an administrative procedure involving a hearing.  Tex.
Gov=t
Code Ann. ' 500.002(c) (Vernon
1998).  The funds in an inmate=s trust fund account
may be seized to satisfy the inmate=s liability.  Id. 









After exhausting
administrative remedies, an inmate may petition for judicial review of the
administrative decision finding him liable for property damages.  Tex.
Gov=t
Code Ann. ' 500.002(d) (Vernon
1998).  The district court must follow
the rules set forth in chapter 2001 of the government code in reviewing the
administrative decision.  Id.  

In reviewing a
determination made pursuant to a prison disciplinary hearing, the trial court
must apply the Asubstantial evidence@ standard of
review.  Tex. Gov=t Code
Ann. 2001.174 (Vernon 2000); Covarrubias,
52 S.W.3d at 321. 
We apply that same standard in reviewing the sufficiency of the
evidence.  Covarrubias, 52 S.W.3d at 321. 
The substantial evidence standard requires Aonly more than a mere
scintilla@ of evidence to
support the agency=s determination of
liability.  Montgomery
Indep. Sch. Dist. v. Davis, 34 S.W.3d 559, 566 (Tex. 2000).  A court applying this standard may not
substitute its judgment for that of the administrative agency.  Covarrubias, 52 S.W.3d at 321-22
(citing Tex. Health Facilities Comm=n v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 452
(Tex. 1984)).  








In this case, it is
undisputed that there was an officer present, Sergeant John Esparza, at the
scene of the prison riot.  The
Disciplinary Report and Hearing Record contains Sergeant Esparza=s eye-witness
description of Maturey=s involvement in the
property damage, stating that Maturey exited his cell and caused damage to both
cell doors and windows during the prison riot. 
The Offense Report filed by Sergeant Esparza contains an identical
description of Maturey=s involvement in the
riot.  The Service Investigation
Worksheet states that Sergeant Esparza was present at the disciplinary hearing
and verified the accuracy of his prior written statements.  We find that this testimony constituted
substantial evidence to support the trial court=s decision. 
See Covarrubias, 52 S.W.3d at 322-23 (eye-witness officer=s testimony
constituted substantial evidence to support determination of liability).  Additional evidence in the nature of
videotape or photographs was not necessary. 
Therefore, we overrule appellant=s first and fifth
issues.  

Conclusion

Accordingly, we affirm
the judgment of the trial court.  

 

ERRLINDA CASTILLO

Justice

 

Do not
publish.

Tex.
R. App. P. 47.3(b).

 

Opinion delivered and
filed

this 3rd day of July,
2002.