TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-04-00154-CV






Howard Hill Grimes, Appellant


v.


State of Texas and Endeavor Energy Resources, L.P., Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. GN2-02647, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 Appellee Endeavor Energy Resources, L.P. (Endeavor) applied for and received a
permit to operate a saltwater disposal well from the Texas Railroad Commission (Railroad
Commission), appellee. See Tex. Water Code Ann. § 27.051(b)(1)-(4) (West Supp. 2004-05).
Appellant Grimes owns two-thirds of the surface estate and an undivided interest in the mineral
estate of a tract leased to Endeavor. Endeavor planned to operate the saltwater disposal well on the
one-third of the surface estate adjacent to Grimes's surface estate interest. Grimes opposed
Endeavor's application. Both Grimes and Endeavor participated in the permit application hearing
and presented evidence on whether the permit should be granted; the Railroad Commission granted
the permit in its final order, subject to certain construction and operation conditions designed to
protect the tract's freshwater supply. Grimes brought suit in Travis County to appeal the Railroad
Commission's final order, complaining that the order was not supported by substantial evidence and
was issued arbitrarily and capriciously. The trial court affirmed the order and this appeal followed. 
We disagree with Grimes for the reasons discussed below, and we affirm the Railroad Commission's
order.


BACKGROUND


 Under the terms of the governing oil and gas lease (Hill "30-A" Lease), Grimes owns
a portion of the surface estate and an undivided royalty interest in the tract of land leased for oil and
gas production by Endeavor. The surface estate was partitioned by court order in 1986; Grimes was
awarded a specific two-thirds of the tract's surface estate. Endeavor sought to operate a saltwater
disposal well on the one-third surface estate adjacent to Grimes's two-thirds surface estate. The
proposed saltwater disposal well would service the three producing wells and others planned for the
Hill "30-A" Lease tract. Endeavor applied to the Railroad Commission for permission to operate
the saltwater disposal well. See Tex. Water Code Ann. § 27.051(b). Grimes protested Endeavor's
application because he feared that the saltwater operations on the adjacent land would damage his
groundwater and surface estate. Grimes appeared at the hearing the Railroad Commission held on
the matter through counsel and presented evidence to support his objections.

 The Railroad Commission found that the well was cased and cemented with "good
quality" cement at the depths expected to hold the saltwater and that operating the saltwater disposal
well was in the public interest. The examiners found that the disposal operations, if conducted under
the pressure and volume conditions specified in the permit, would not endanger the natural energy
resources or cause pollution of the freshwater stratum. The Railroad Commission approved
Endeavor's application and granted Endeavor a permit to conduct saltwater disposal operations
subject to certain conditions; the permit allows Endeavor to dispose of saltwater waste produced on
the Hill "30-A" Lease only.

 Grimes filed a motion for rehearing that was denied. He then brought suit in Travis
County district court to appeal the Railroad Commission's decision. The district court affirmed the
Railroad Commission's order. This appeal followed.


DISCUSSION


 Grimes argues that the Railroad Commission's decision to grant the permit to operate
the saltwater disposal well was not supported by substantial evidence, and was arbitrary and
capricious. Grimes requests that we reverse the Railroad Commission's order and render judgment
in his favor, or alternatively, remand the order to the Railroad Commission for further proceedings.


Substantial Evidence Review

 We review the Railroad Commission's decision under a substantial evidence
standard. Tex. Gov't Code Ann. § 2001.174 (West 2000); Entex v. Railroad Comm'n of Tex., 18
S.W.3d 858, 862 (Tex. App.--Austin 2000, pet. denied). The Railroad Commission's final orders
are presumed to be supported by substantial evidence. Imperial Am. Res. Fund, Inc. v. Railroad
Comm'n of Tex., 557 S.W.2d 280, 284-85 (Tex. 1997). 

 According to the substantial evidence rule, we review the judgment of the state
agency on the weight of the evidence on questions committed to agency discretion. Tex. Gov't Code
Ann. § 2001.174 (West 2000). We may affirm the agency decision in whole or in part. Id. 
§ 2001.174(1). We shall reverse or remand a case for further proceedings if substantial rights of the
appellant have been prejudiced because the administrative findings, inferences, conclusions, or
decisions violate a constitutional or statutory provision; exceed the agency's statutory authority; were
made through unlawful procedure; are affected by other error of law; are not reasonably supported
by substantial evidence considering the reliable and probative evidence in the record as a whole; or
are arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise
of discretion. Id. § 2001.174(2). The reviewing court may not substitute its judgment for that of the
agency, but rather determines whether the order is reasonably supported by substantial evidence. 
Texas Health Facilities Comm'n v. Charter Med.-Dallas, Inc., 665 S.W.2d 446, 452 (Tex. 1984).

 The crux of a substantial evidence analysis is whether the agency's factual findings
are reasonable in light of the evidence from which they were purportedly inferred. Hinkley v. Texas
State Bd. of Med. Exam'rs, 140 S.W.3d 737, 743 (Tex. App.--Austin 2004, pet. denied). Substantial
evidence does not mean a large or considerable amount of evidence, but rather such relevant
evidence as a reasonable mind might accept as adequate to support a conclusion of fact. Id. 
Although the evidence in the record may actually preponderate against the decision of the agency,
nonetheless, the true test is not whether the agency reached the correct conclusion, but whether some
reasonable basis exists in the record for the action taken by the agency. Texas Health Facilities
Comm'n, 665 S.W.2d at 452. Thus, the agency's decision will be sustained if the evidence is such
that reasonable minds could have reached the conclusion the agency reached in order to justify its
actions. Id. at 453.

 To grant an application for a saltwater disposal well, the Railroad Commission must
find, among other criteria, that the use or installation of the well is in the public interest and will not
endanger or injure any existing rights--including mineral formations--and, that with proper
safeguards, both ground and surface fresh water can be adequately protected from pollution. Tex.
Water Code Ann. § 27.051(b).

 The Railroad Commission granted Endeavor a permit to operate a saltwater disposal
well subject to several additional conditions: the oil and gas waste will only be injected into the strata
in the subsurface depth interval from 4460 to 5630 feet; the injection volume shall not exceed 4000
barrels per day; the maximum operating surface injection pressure shall not exceed a certain limit;
and only fluid produced on the Hill "30-A" Lease tract may be discarded in the well. The Railroad
Commission approved findings in its technical and hearings examiners reports that: (1) a cement
bond log confirmed that the proposed saltwater disposal well has "good quality" cement between the
3620 foot and 5700 foot depths of the well; (2) that the proposed well was drilled recently, in 2002,
and is adequately cased and cemented to protect useable-quality water to a depth of 200 feet; (3) that
the proposed well will only be used to dispose of waste produced on the Hill "30-A" Lease; and that
(4) the disposal of lease-produced water is in the public interest. The Railroad Commission
supported its public interest finding by pointing out that the expected cost of disposal for affected
wells will fall from 80 cents to 10 cents per barrel, saving $630 per day for the existing and planned
wells, that the wells are expected to last twenty to thirty years, and that Endeavor will realize
significant cost savings that will allow the wells to yield more production, thus conserving natural
resources. The Railroad Commission found that the disposal operations, if conducted at the
proposed pressures and volumes under the proposed permit conditions will not endanger oil, gas, or
geothermal resources or pollute the land's fresh water. Grimes failed to present any evidence to
contradict the testimony given by Endeavor's expert and did not cross-examine him.

 We hold that there was substantial evidence to support the Railroad Commission's
order; based on the evidence, reasonable minds could have concluded that the proposed disposal well
is adequately cased with good quality cement to protect groundwater, and is in the public interest. 
See Texas Health Facilities Comm'n, 665 S.W.2d at 453.


Arbitrary and Capricious Standard

 Grimes asserts that the Railroad Commission's decision was arbitrary and capricious
because: (1) the Railroad Commission incorrectly interpreted the "public interest" requirement of
the permitting process under the water code; (2) the Railroad Commission failed to take into account
Endeavor's operating history violations; (3) the permit impermissibly allows Endeavor to dispose
of waste produced from another lease into the saltwater disposal well; and (4) the Railroad
Commission failed to consider whether Endeavor had a good faith claim to the lease.

 We review the judgment of the Railroad Commission on the weight of the evidence
on questions committed to agency discretion, but shall reverse or remand a case for further
proceedings if the administrative findings, inferences, conclusions, or decisions are arbitrary or
capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion. 
Tex. Gov't Code Ann. § 2001.174. An agency's decision is not generally arbitrary or capricious if
it is supported by substantial evidence. Hinkley, 140 S.W.3d at 743. However, instances may arise
in which an agency's decision is supported by substantial evidence, but is arbitrary and capricious
nonetheless. Id. One such instance is when a denial of due process has resulted in the prejudice of
substantial rights of a litigant. Id. An agency abuses its discretion in reaching a decision if it omits
from its consideration factors that the legislature intended the agency to consider, includes in its
consideration irrelevant factors, or reaches a completely unreasonable result after weighing only
relevant factors. Id. The findings, inferences, conclusions, and decisions of an administrative
agency are presumed to be supported by substantial evidence, and the burden is on the contestant to
prove otherwise. Texas Health Facilities Comm'n, 665 S.W.2d at 453.

 Grimes asserts that the public interest requirement of the water code relates to the
safety and environmental soundness of the proposed disposal well, and not the prevention of the
waste of natural resources. See Tex. Water Code Ann. § 27.051(b), cf. Tex. Nat. Res. Code Ann.
§§ 85.058, .201 (West 2001). Grimes urges that the reasons the Railroad Commission gave to
support its decision, (1) maximizing the natural resource yield, (2) saving Endeavor some of its
disposal costs, and (3) the fact that the proposed well will not endanger the land's fresh water are
conservation rationales, and not the proper "public interest" inquiries the legislature intended. We
disagree.

 The Railroad Commission is charged with preventing waste, conserving natural
resources, and preventing the pollution of the natural environment. See Tex. Nat. Res. Code Ann.
§ 85.201; 16 Tex. Admin. Code § 3.9 (2004). There is no controlling precedent interpreting what
considerations the Railroad Commission may weigh when deciding whether granting a disposal well
operating permit is in the public interest. However, courts have found that the production of oil and
gas affects the public interest and that the Railroad Commission may reasonably regulate to conserve
these resources. See Corzelius v. Railroad Comm'n of Tex., 182 S.W.2d 412, 417 (Tex. Civ.
App.--Austin 1944, no writ) ("[I]t is long since settled that the public has an interest in the natural
resources of the State; that the production of oil and gas is affected with the public interest, and are
subject to any reasonable regulation necessary to conserve them."). The Railroad Commission found
that granting the disposal well operating permit would result in conserving some natural resources. 
We hold that the Railroad Commission reached a reasonable result when it found that granting
Endeavor's permit was in the public interest. Therefore, its decision was not arbitrary or capricious.

 Grimes next complains that the Railroad Commission's decision was arbitrary and
capricious because the Railroad Commission failed to take into account Endeavor's history of
operating violations. We disagree with Grimes's assertion. First, the Railroad Commission
considered Endeavor's operating history; Grimes offered evidence of Endeavor's past violations of
the Railroad Commission's rules in the hearing on this matter, and the examiners admitted Grimes's
exhibit "for whatever weight it is worth." Second, the water code does not require the Railroad
Commission to consider an operator's history to grant a disposal well permit. See Tex. Water Code
Ann. § 27.051(b). We hold that the Railroad Commission considered the relevant factors and
reached a reasonable result based on the evidence in the record.

 Next, Grimes complains that the Railroad Commission's decision was arbitrary and
capricious because the order permits Endeavor to dispose of waste produced on the adjacent Roper
Lease; Grimes argues that Endeavor does not have the legal right to dispose of the saltwater
produced from the Roper Lease operations on the Hill "30-A" Lease tract. The Railroad
Commission granted Endeavor a permit to dispose of saltwater produced only on the Hill "30-A"
Lease, which covers approximately 1500 acres. The permit specifically prohibits the disposal of
fluid generated on any other lease, such as the adjacent Roper lease. The Railroad Commission's
Finding of Fact 3 mistakenly refers to the Hill "30-A" Lease acreage as 1840 acres, which
inadvertently included the Roper lease acreage. The Roper lease is not, in fact, part of the Hill "30-A" Lease. Both Grimes and the Railroad Commission concede that this was a clerical error. (1) 

 The language of the final order states that Endeavor has permission to operate the
saltwater disposal well to dispose of only those fluids generated from operations on the "Hill '30-A'
Lease" tract. Because the language of the final order clearly only permits Endeavor to dispose of
saltwater waste produced on the Hill "30-A" Lease, we hold that the error is harmless, and that the
Railroad Commission's order was not arbitrary and capricious.

 Last, Grimes asserts that the Railroad Commission erred because it failed to consider
whether Endeavor still had a good faith claim to the Hill "30-A" Lease. In Grimes's response to the
Rule 194 discovery request for disclosure, he failed to identify this ground as a legal basis for his
opposition to the permit. The discovery request for disclosure required Grimes to disclose all of his
legal theories and underlying factual bases. See 16 Tex. Admin. Code § 1.81(a)(3), (b) (2005) (scope
of discovery in Railroad Commission proceeding shall be the same as provided by Texas Rules of
Civil Procedure and shall be subject to constraints provided therein); Tex. R. Civ. P. 194.2 (c). A
party who fails to make, amend, or supplement a discovery response in a timely manner may not
introduce in evidence the material or information that was not timely disclosed. Tex. R. Civ. P.
193.6 (a). It was therefore proper for the Railroad Commission to exclude evidence related to this
legal theory at trial because Grimes failed to supplement his disclosure to include this theory in a
timely manner. We overrule Grimes's second issue.


CONCLUSION


 Having addressed each of Grime's arguments, we hold that substantial evidence
supports the order and that the Railroad Commission did not grant Endeavor's application arbitrarily
or capriciously. We overrule both of Grimes's issues and affirm the Railroad Commission's final
order.



 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed:

Filed: August 26, 2005

1. Endeavor claims that it received a permit to dispose of the saltwater generated from both
the Hill "30-A" and Roper leases. The final order's unequivocal language prohibiting Endeavor
from disposing of waste produced from operations on other leases indicates otherwise.