# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00154-CV

**Howard Hill Grimes, Appellant**

**v.**

**State of Texas and Endeavor Energy Resources, L.P., Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
## NO. GN2-02647, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee Endeavor Energy Resources, L.P. (Endeavor) applied for and received a permit to operate a saltwater disposal well from the Texas Railroad Commission (Railroad Commission), appellee. *See* Tex. Water Code Ann. § 27.051(b)(1)-(4) (West Supp. 2004-05). Appellant Grimes owns two-thirds of the surface estate and an undivided interest in the mineral estate of a tract leased to Endeavor. Endeavor planned to operate the saltwater disposal well on the one-third of the surface estate adjacent to Grimes's surface estate interest. Grimes opposed Endeavor's application. Both Grimes and Endeavor participated in the permit application hearing and presented evidence on whether the permit should be granted; the Railroad Commission granted the permit in its final order, subject to certain construction and operation conditions designed to protect the tract's freshwater supply. Grimes brought suit in Travis County to appeal the Railroad

Commission's final order, complaining that the order was not supported by substantial evidence and was issued arbitrarily and capriciously. The trial court affirmed the order and this appeal followed. We disagree with Grimes for the reasons discussed below, and we affirm the Railroad Commission's order.

## BACKGROUND

Under the terms of the governing oil and gas lease (Hill "30-A" Lease), Grimes owns a portion of the surface estate and an undivided royalty interest in the tract of land leased for oil and gas production by Endeavor. The surface estate was partitioned by court order in 1986; Grimes was awarded a specific two-thirds of the tract's surface estate. Endeavor sought to operate a saltwater disposal well on the one-third surface estate adjacent to Grimes's two-thirds surface estate. The proposed saltwater disposal well would service the three producing wells and others planned for the Hill "30-A" Lease tract. Endeavor applied to the Railroad Commission for permission to operate the saltwater disposal well. *See* Tex. Water Code Ann. § 27.051(b). Grimes protested Endeavor's application because he feared that the saltwater operations on the adjacent land would damage his groundwater and surface estate. Grimes appeared at the hearing the Railroad Commission held on the matter through counsel and presented evidence to support his objections.

The Railroad Commission found that the well was cased and cemented with "good quality" cement at the depths expected to hold the saltwater and that operating the saltwater disposal well was in the public interest. The examiners found that the disposal operations, if conducted under the pressure and volume conditions specified in the permit, would not endanger the natural energy resources or cause pollution of the freshwater stratum. The Railroad Commission approved

2

Endeavor's application and granted Endeavor a permit to conduct saltwater disposal operations subject to certain conditions; the permit allows Endeavor to dispose of saltwater waste produced on the Hill "30-A" Lease only.

Grimes filed a motion for rehearing that was denied. He then brought suit in Travis County district court to appeal the Railroad Commission's decision. The district court affirmed the Railroad Commission's order. This appeal followed.

## DISCUSSION

Grimes argues that the Railroad Commission's decision to grant the permit to operate the saltwater disposal well was not supported by substantial evidence, and was arbitrary and capricious. Grimes requests that we reverse the Railroad Commission's order and render judgment in his favor, or alternatively, remand the order to the Railroad Commission for further proceedings.

### Substantial Evidence Review

We review the Railroad Commission's decision under a substantial evidence standard. Tex. Gov't Code Ann. § 2001.174 (West 2000); *Entex v. Railroad Comm'n of Tex.*, 18 S.W.3d 858, 862 (Tex. App.—Austin 2000, pet. denied). The Railroad Commission's final orders are presumed to be supported by substantial evidence. *Imperial Am. Res. Fund, Inc. v. Railroad Comm'n of Tex.*, 557 S.W.2d 280, 284-85 (Tex. 1997).

According to the substantial evidence rule, we review the judgment of the state agency on the weight of the evidence on questions committed to agency discretion. Tex. Gov't Code Ann. § 2001.174 (West 2000). We may affirm the agency decision in whole or in part. *Id.*

3

§ 2001.174(1). We shall reverse or remand a case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions violate a constitutional or statutory provision; exceed the agency's statutory authority; were made through unlawful procedure; are affected by other error of law; are not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or are arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion. *Id.* § 2001.174(2). The reviewing court may not substitute its judgment for that of the agency, but rather determines whether the order is reasonably supported by substantial evidence. *Texas Health Facilities Comm'n v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex. 1984).

The crux of a substantial evidence analysis is whether the agency's factual findings are reasonable in light of the evidence from which they were purportedly inferred. *Hinkley v. Texas State Bd. of Med. Exam'rs*, 140 S.W.3d 737, 743 (Tex. App.—Austin 2004, pet. denied). Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion of fact. *Id.* Although the evidence in the record may actually preponderate against the decision of the agency, nonetheless, the true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency. *Texas Health Facilities Comm'n*, 665 S.W.2d at 452. Thus, the agency's decision will be sustained if the evidence is such that reasonable minds could have reached the conclusion the agency reached in order to justify its actions. *Id.* at 453.

To grant an application for a saltwater disposal well, the Railroad Commission must find, among other criteria, that the use or installation of the well is in the public interest and will not endanger or injure any existing rights—including mineral formations—and, that with proper safeguards, both ground and surface fresh water can be adequately protected from pollution. Tex. Water Code Ann. § 27.051(b).

The Railroad Commission granted Endeavor a permit to operate a saltwater disposal well subject to several additional conditions: the oil and gas waste will only be injected into the strata in the subsurface depth interval from 4460 to 5630 feet; the injection volume shall not exceed 4000 barrels per day; the maximum operating surface injection pressure shall not exceed a certain limit; and only fluid produced on the Hill "30-A" Lease tract may be discarded in the well. The Railroad Commission approved findings in its technical and hearings examiners reports that: (1) a cement bond log confirmed that the proposed saltwater disposal well has "good quality" cement between the 3620 foot and 5700 foot depths of the well; (2) that the proposed well was drilled recently, in 2002, and is adequately cased and cemented to protect useable-quality water to a depth of 200 feet; (3) that the proposed well will only be used to dispose of waste produced on the Hill "30-A" Lease; and that (4) the disposal of lease-produced water is in the public interest. The Railroad Commission supported its public interest finding by pointing out that the expected cost of disposal for affected wells will fall from 80 cents to 10 cents per barrel, saving $630 per day for the existing and planned wells, that the wells are expected to last twenty to thirty years, and that Endeavor will realize significant cost savings that will allow the wells to yield more production, thus conserving natural resources. The Railroad Commission found that the disposal operations, if conducted at the

proposed pressures and volumes under the proposed permit conditions will not endanger oil, gas, or geothermal resources or pollute the land's fresh water. Grimes failed to present any evidence to contradict the testimony given by Endeavor's expert and did not cross-examine him.

We hold that there was substantial evidence to support the Railroad Commission's order; based on the evidence, reasonable minds could have concluded that the proposed disposal well is adequately cased with good quality cement to protect groundwater, and is in the public interest. *See Texas Health Facilities Comm'n*, 665 S.W.2d at 453.

**Arbitrary and Capricious Standard**

Grimes asserts that the Railroad Commission's decision was arbitrary and capricious because: (1) the Railroad Commission incorrectly interpreted the "public interest" requirement of the permitting process under the water code; (2) the Railroad Commission failed to take into account Endeavor's operating history violations; (3) the permit impermissibly allows Endeavor to dispose of waste produced from another lease into the saltwater disposal well; and (4) the Railroad Commission failed to consider whether Endeavor had a good faith claim to the lease.

We review the judgment of the Railroad Commission on the weight of the evidence on questions committed to agency discretion, but shall reverse or remand a case for further proceedings if the administrative findings, inferences, conclusions, or decisions are arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion. Tex. Gov't Code Ann. § 2001.174. An agency's decision is not generally arbitrary or capricious if it is supported by substantial evidence. *Hinkley*, 140 S.W.3d at 743. However, instances may arise in which an agency's decision is supported by substantial evidence, but is arbitrary and capricious

6

nonetheless. *Id.* One such instance is when a denial of due process has resulted in the prejudice of substantial rights of a litigant. *Id.* An agency abuses its discretion in reaching a decision if it omits from its consideration factors that the legislature intended the agency to consider, includes in its consideration irrelevant factors, or reaches a completely unreasonable result after weighing only relevant factors. *Id.* The findings, inferences, conclusions, and decisions of an administrative agency are presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise. *Texas Health Facilities Comm'n*, 665 S.W.2d at 453.

Grimes asserts that the public interest requirement of the water code relates to the safety and environmental soundness of the proposed disposal well, and not the prevention of the waste of natural resources. *See* Tex. Water Code Ann. § 27.051(b), *cf.* Tex. Nat. Res. Code Ann. §§ 85.058, .201 (West 2001). Grimes urges that the reasons the Railroad Commission gave to support its decision, (1) maximizing the natural resource yield, (2) saving Endeavor some of its disposal costs, and (3) the fact that the proposed well will not endanger the land's fresh water are *conservation* rationales, and not the proper "public interest" inquiries the legislature intended. We disagree.

The Railroad Commission is charged with preventing waste, conserving natural resources, and preventing the pollution of the natural environment. *See* Tex. Nat. Res. Code Ann. § 85.201; 16 Tex. Admin. Code § 3.9 (2004). There is no controlling precedent interpreting what considerations the Railroad Commission may weigh when deciding whether granting a disposal well operating permit is in the public interest. However, courts have found that the production of oil and gas affects the public interest and that the Railroad Commission may reasonably regulate to conserve

7

these resources. *See Corzelius v. Railroad Comm'n of Tex.*, 182 S.W.2d 412, 417 (Tex. Civ. App.—Austin 1944, no writ) ("[I]t is long since settled that the public has an interest in the natural resources of the State; that the production of oil and gas is affected with the public interest, and are subject to any reasonable regulation necessary to conserve them."). The Railroad Commission found that granting the disposal well operating permit would result in conserving some natural resources. We hold that the Railroad Commission reached a reasonable result when it found that granting Endeavor's permit was in the public interest. Therefore, its decision was not arbitrary or capricious.

Grimes next complains that the Railroad Commission's decision was arbitrary and capricious because the Railroad Commission failed to take into account Endeavor's history of operating violations. We disagree with Grimes's assertion. First, the Railroad Commission considered Endeavor's operating history; Grimes offered evidence of Endeavor's past violations of the Railroad Commission's rules in the hearing on this matter, and the examiners admitted Grimes's exhibit "for whatever weight it is worth." Second, the water code does not require the Railroad Commission to consider an operator's history to grant a disposal well permit. *See* Tex. Water Code Ann. § 27.051(b). We hold that the Railroad Commission considered the relevant factors and reached a reasonable result based on the evidence in the record.

Next, Grimes complains that the Railroad Commission's decision was arbitrary and capricious because the order permits Endeavor to dispose of waste produced on the adjacent Roper Lease; Grimes argues that Endeavor does not have the legal right to dispose of the saltwater produced from the Roper Lease operations on the Hill "30-A" Lease tract. The Railroad Commission granted Endeavor a permit to dispose of saltwater produced only on the Hill "30-A"

8

Lease, which covers approximately 1500 acres. The permit specifically prohibits the disposal of fluid generated on any other lease, such as the adjacent Roper lease. The Railroad Commission's Finding of Fact 3 mistakenly refers to the Hill "30-A" Lease acreage as 1840 acres, which inadvertently included the Roper lease acreage. The Roper lease is not, in fact, part of the Hill "30-A" Lease. Both Grimes and the Railroad Commission concede that this was a clerical error.[1]

The language of the final order states that Endeavor has permission to operate the saltwater disposal well to dispose of *only* those fluids generated from operations on the "Hill '30-A' Lease" tract. Because the language of the final order clearly only permits Endeavor to dispose of saltwater waste produced on the Hill "30-A" Lease, we hold that the error is harmless, and that the Railroad Commission's order was not arbitrary and capricious.

Last, Grimes asserts that the Railroad Commission erred because it failed to consider whether Endeavor still had a good faith claim to the Hill "30-A" Lease. In Grimes's response to the Rule 194 discovery request for disclosure, he failed to identify this ground as a legal basis for his opposition to the permit. The discovery request for disclosure required Grimes to disclose all of his legal theories and underlying factual bases. *See* 16 Tex. Admin. Code § 1.81(a)(3), (b) (2005) (scope of discovery in Railroad Commission proceeding shall be the same as provided by Texas Rules of Civil Procedure and shall be subject to constraints provided therein); Tex. R. Civ. P. 194.2 (c). A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed. Tex. R. Civ. P.

---

[1] Endeavor claims that it received a permit to dispose of the saltwater generated from both the Hill "30-A" and Roper leases. The final order's unequivocal language prohibiting Endeavor from disposing of waste produced from operations on other leases indicates otherwise.

9

193.6 (a). It was therefore proper for the Railroad Commission to exclude evidence related to this legal theory at trial because Grimes failed to supplement his disclosure to include this theory in a timely manner. We overrule Grimes's second issue.

## CONCLUSION

Having addressed each of Grime's arguments, we hold that substantial evidence supports the order and that the Railroad Commission did not grant Endeavor's application arbitrarily or capriciously. We overrule both of Grimes's issues and affirm the Railroad Commission's final order.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed:

Filed: August 26, 2005