# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00352-CV

**Appellants, Vista Medical Center Hospital;
Vista Healthcare, Inc.; and Surgery Specialty Hospital, Inc.//
Cross-Appellant, State Office of Risk Management,**

**v.**

**Appellee, State Office of Risk Management//
Cross-Appellees, Vista Medical Center Hospital;
Vista Healthcare, Inc.; and Surgery Specialty Hospital, Inc.**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
## NO. D-1-GN-14-002807, HONORABLE KARIN CRUMP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

These cross-appeals arise from a dispute over the proper reimbursement, under Texas workers' compensation statutes, for medical services provided by affiliates and subsidiaries of Vista Healthcare, Inc., to injured employees covered by policies issued by the State Office of Risk Management (SORM). The district court rendered judgment affirming 23 administrative orders requiring SORM to make additional payments to Vista. The parties raise various challenges to the judgment and its underlying orders. We will affirm the judgment as amended herein.

## BACKGROUND

This is the latest in a long-running series of suits between Vista and carriers of Texas workers' compensation policies over the reimbursement of covered medical expenses. In 1989, the

Legislature required the Workers' Compensation Commission to begin promulgating reimbursement guidelines to ensure injured employees would have access to quality medical care without unnecessary expense to insurance carriers. *See* Act of Dec. 13, 1989, 71st Leg., 2d C.S., ch. 1, § 8.01, 1989 Tex. Gen. Laws 1, 68 (current version at Tex. Lab. Code § 413.011). Once the Commission adopts a guideline addressing a certain type of medical care, insurance carriers must compensate the provider of that care in a manner consistent with the guideline. Tex. Lab. Code § 413.016(b). If no fee guideline or contract provision applies, the Commission requires carriers to provide a "fair and reasonable reimbursement amount" for the care provided. 28 Tex. Admin. Code § 134.1(e)(3). Reimbursement is fair and reasonable if it is sufficient "to ensure the quality of medical care and achieve effective medical cost control," and "to ensure that similar procedures provided in similar circumstances receive similar reimbursement." *See, respectively*, Tex. Lab. Code § 413.011(d); 28 Tex. Admin. Code § 134.1(f).

From 2003 to 2007, Vista provided certain outpatient surgical services to injured employees covered by SORM's workers' compensation policies. Vista submitted 23 claims seeking reimbursement for these services, but there was no applicable fee guideline at the time and the parties could not agree on fair and reasonable reimbursement. To calculate reimbursement of outpatient providers like Vista, SORM had developed a methodology based on a 1997 guideline for acute inpatient care, resulting in reimbursement of $1,453.40 per claim for the services at issue here. Vista insisted on full reimbursement at its higher billed rate, but SORM refused to remit the difference.

Vista filed a fee dispute with the Division of Workers' Compensation, proposing 70% of its billed rate as fair and reasonable compensation for the services rendered. SORM

2

maintained its position that the reimbursement already remitted under its own rate was sufficient, and the Division concluded Vista had not satisfied its burden to show additional reimbursement due.

Vista appealed the decision to the State Office of Administrative Hearings. *See* Tex. Lab. Code § 413.0311(a)–(c), (e). By this time, the Workers' Compensation Commission had adopted a fee guideline to address the outpatient services at issue here. *See* 33 Tex. Reg. 400, 400–25 (January 11, 2008). That guideline took effect on March 1, 2008, and, if applied retroactively, would require SORM to provide additional compensation for Vista's services at a rate even higher than Vista had originally proposed as fair and reasonable.

The parties presented arguments and evidence to two administrative law judges (ALJs) who ultimately used the 2008 guideline to conclude that SORM's reimbursement for Vista's services did not satisfy the fair-and-reasonable standard. They ordered SORM to provide additional reimbursement in each of the 23 disputed claims "together with all interest as required by law." *See* Tex. Lab. Code § 413.019 (allowing award of prejudgment interest). SORM then sought review of the order in district court, which rendered final judgment affirming SOAH's order and the award of additional reimbursement. The district court, however, denied the prejudgment interest Vista had been awarded in the administrative order. The parties perfected timely cross-appeals.

## DISCUSSION

### SORM's Challenge

SORM asks this Court to reverse the district court's final judgment and render a take-nothing judgment against Vista. SORM recognizes that we may do so only "if substantial rights of the appellant have been prejudiced because the administrative findings, inferences,

3

conclusions, or decisions are: (a) in violation of a constitutional or statutory provision; (b) in excess of the agency's statutory authority; (c) made through unlawful procedure; (d) affected by other error of law; (e) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Tex. Gov't Code § 2001.174.

### *Evidence regarding SORM's reimbursement model*

SORM first argues there is insufficient evidence to support the district court's conclusion that Vista had satisfied its threshold burden of proving SORM's original reimbursement for the outpatient services unfair or unreasonable. To obtain relief from SOAH, Vista had the burden to demonstrate by a preponderance of the evidence that SORM's reimbursement was insufficient and that Vista's proposed methodology would result in fair and reasonable reimbursement. *See Vista Healthcare, Inc. v. Texas Mut. Ins. Co.*, 324 S.W.3d 264, 268 (Tex. App.—Austin 2010, pet. denied). SOAH concluded Vista had satisfied this burden, and the district court affirmed that determination under the substantial-evidence standard of review. *See Vista Med. Ctr. Hosp. v. Texas Mut. Ins. Co.*, 416 S.W.3d 11, 18 (Tex. App.—Austin 2013, no pet.). Thus, we must determine whether the record includes substantial evidence that Vista had met its burden.

"Although substantial evidence is more than a mere scintilla, the evidence in the record actually may preponderate against the decision of the agency and nonetheless amount to substantial evidence." *Texas Health Facilities Comm'n v. Charter Med.-Dall., Inc.*, 665 S.W.2d 446, 452 (Tex. 1984) (citing *Lewis v. Metropolitan Sav. & Loan Ass'n*, 550 S.W.2d 11, 13 (Tex. 1977); *Alamo Express, Inc. v. Union City Transfer*, 309 S.W.2d 815, 823 (Tex. 1958)). "The true

4

test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency." *Id.* (citing *Gerst v. Nixon*, 411 S.W.2d 350, 354 (Tex. 1966)). "A reviewing court is not bound by the reasons given by an agency in its order, provided there is a valid basis for the action taken by the agency." *Id.* (citing *Railroad Comm'n v. City of Austin*, 524 S.W.2d 262, 279 (Tex.1975)). "Thus, the agency's action will be sustained if the evidence is such that reasonable minds could have reached the conclusion that the agency must have reached in order to justify its action." *Id.* (citing *Suburban Util. Corp. v. Public Util. Comm'n*, 652 S.W.2d 358, 364 (Tex.1983)).

Vista's evidence includes records revealing that SORM's proposed reimbursement was less than half the billed rate, was inconsistent with reimbursement provided by other patients and their carriers, and did not cover the actual cost of performing most of the procedures at issue. These facts are not alone sufficient to demonstrate the fairness or unfairness of the reimbursement rate, but they are relevant considerations. *See In re North Cypress Med. Ctr. Operating Co.*, ___ S.W.3d ___, ___, No. 16-0851, 2018 WL 1974376, at *6 (Tex. Apr. 27, 2018) (providing non-exclusive list of factors); *Haygood v. De Escabedo*, 356 S.W.3d 390, 393 (Tex. 2011) (explaining that reasonableness of hospital's charges can no longer be evaluated "based on the provider's costs and profit margin" alone). Indeed, a rate that does not cover actual costs seems unlikely to ensure the availability of quality medical care to individuals covered by these policies, as is required by the statute. Tex. Lab. Code § 413.011(d).

Vista also provided expert testimony that SORM's reimbursement model was derived from a 1997 per-diem rate used for reimbursement of inpatient care. *See* 28 Tex. Admin. Code

5

§ 134.401 (1997).  Yet the Commission has explained why inpatient rates generally cannot be used to adequately reimburse providers for outpatient surgical care:

> The underlying reasons for provision of services in an inpatient setting are significantly different from those supporting a hospital outpatient or ambulatory surgical center option. . . .  [The inpatient] per diem rate was designed to reflect the average reimbursement across an entire length of stay and is not weighted to reflect the services provided on any particular day.  Moreover, the per diem [rate] does not directly relate to the cost of surgery and is a blend of surgical and medical services averaged over a length of a surgical stay.

29 Tex. Reg. 4191, 4199 (Apr. 30, 2004).  In other words, reimbursement based on a generic inpatient per-diem rate will often result in undercompensation of outpatient providers.  Moreover, the inpatient rate SORM used as the basis for its methodology has since been repealed, in part because it did not adjust with inflation.  *See* 33 Tex. Reg. 5319, 5319 (July 4, 2008).  In short, SORM was relying on a fixed per-diem rate designed to compensate inpatient providers in 1997 to reimburse outpatient providers in 2007.  We agree with the district court that substantial evidence supports SOAH's conclusion that SORM's original reimbursement rate was not fair or reasonable.

*Evidence regarding Vista's methodology*

We now turn to Vista's second burden—to propose a reimbursement rate that satisfies the fair-and-reasonable standard.  As a predicate matter, SORM argues that the ALJs erred by allowing Vista to propose a reimbursement methodology that had not first been considered by the Division, and that the district court erred by affirming the resulting final decision.  As SORM describes it, the district court "permitted Vista to change the issue of this dispute while already on appeal."  But the "issue of this dispute" is whether SORM provided fair and reasonable compensation

6

for Vista's outpatient services. That question was addressed first by the Division and then by the ALJs at SOAH. The fact that the ALJs considered additional evidence and arrived at a different conclusion does not change the nature of the dispute. It only reflects their statutory mandate to conduct a de novo review of the matter. *See* Tex. Gov't Code §§ 2001.051, .058; Tex. Lab. Code §§ 410.163–.168, 413.0312(e); *Vista*, 416 S.W.3d at 17–18.

Nor did the ALJs err or act arbitrarily by considering the now-applicable fee guideline as part of the calculation of fair and reasonable reimbursement. *See* 28 Tex. Admin. Code § 134.403. SORM argues that because the applicable guideline was not promulgated until 2008, and because that guideline is expressly limited to services provided on or after March 1, 2008, *id.*, the ALJs should not have applied that guideline to the services at issue here, which were provided from 2003 through 2007. But SORM mischaracterizes the final decision, which did not apply the 2008 guideline to these 23 claims. The ALJs instead used the rationale and evidence underlying the promulgation of that guideline to inform their analysis. *See* 33 Tex. Reg. 400, 400–25 (January 11, 2008). Of particular import was the fact that much of the market data used in the promulgation process were from the very years at issue here. *Id.* The Commission published a lengthy discussion of its research and reasoning in the preamble to the guideline, and the Legislature expressly authorizes judges to consider a preamble when construing statutory and regulatory text, like the "fair and reasonable" clause at issue here. *See* Tex. Gov't Code § 311.023 (allowing use of preamble when construing statutes); *Rodriguez v. Service Lloyds Ins. Co.*, 997 S.W.2d 248, 254 (Tex. 1999) ("We construe administrative rules, which have the same force as statutes, in the same manner as statutes.").

We find equally unpersuasive the argument that in absence of an existing guideline "it was impossible for SORM to have known what the Division's future policy judgment would have been" and thus that it is unfairly prejudicial to include the 2008 guideline in the reimbursement analysis. Although it is true that SORM could not have foreseen the applicable fee guideline itself, SORM nevertheless could have recognized that its own model would not satisfy the statutory standard. In 2001, the Legislature clarified that all fee guidelines must rely on "the most current reimbursement methodologies, models and values or weights used by the federal Centers for Medicare and Medicaid Services, including applicable payment policies relating to coding, billing, and reporting . . . ." Tex. Lab. Code § 413.011(a). Until an applicable guideline was promulgated, the Commission required carriers to provide fair and reasonable compensation, which in turn was defined in terms of the same standards set forth in section 413.011. *See* 28 Tex. Admin. Code § 134.1 (2003). The Commission has repeatedly emphasized that "similar services provided in similar circumstances [must] receive similar reimbursement." *Id.* § 133.304. And by 2004, the Commission had explained at some length why inpatient rates cannot be used as a basis for calculating fair reimbursement of outpatient services. 29 Tex. Reg. 4191, 4199 (Apr. 30, 2004).

Yet notwithstanding this guidance—all of which suggested SORM's model would not result in fair compensation for Vista's services—SORM continued to advocate its increasingly outdated inpatient methodology for the disputed reimbursement. And the ALJs ultimately found the model had resulted in undercompensation of over $40,000 for these 23 claims. Thus, at an average additional reimbursement of $1,730 per claim, SORM had paid Vista less than half of the reasonable rate calculated by the ALJs. So although we agree that a revision to SORM's methodology under

8

existing guidance would probably not have resulted in the same reimbursement derived from the 2008 rule, such a revision might have led SORM to provide additional reimbursement sufficient to satisfy the statutory standard. Its failure to do so is the result of its own decision not to incorporate existing guidance into its methodology—not the result of any shortcoming on the part of the Commission or the ALJs.

Because this record reflects a reasonable basis for SOAH's final decision and its order requiring SORM to provide additional reimbursement to Vista, and because SORM has not identified any error of law or arbitrary reasoning sufficient to warrant reversal, the district court was correct to affirm the order. Tex. Gov't Code § 2001.174. We overrule SORM's challenges to the district court's final judgment.

**Vista's Challenge**

In its sole issue on cross-appeal, Vista contends the district court erred by failing to award prejudgment interest. We agree. Section 413.019 of the Labor Code provides, "Interest on an unpaid fee or charge *that is consistent with the fee guidelines* accrues at the rate provided by Section 401.023 beginning on the 60th day after the date the health care provider submits the bill to an insurance carrier until the date the bill is paid." Tex. Lab. Code § 413.019(a) (emphasis added). There was no fee guideline applicable to the unpaid fees and charges at issue here, but that alone does not render these fees and charges inconsistent with any guideline. Courts must interpret statutory provisions in light of the "statutory scheme, taken as a whole." *Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 523 (Tex. 1995) (citations and emphasis omitted). These fees and charges were determined under the "fair and reasonable" standard set forth in Rule 134.1. *See*

28 Tex. Admin. Code § 134.1. That same rule requires "fair and reasonable reimbursement [to] be consistent with" Section 413.011 of the Labor Code, which governs all fee guidelines. *See id.* § 134.1(f)(1). Therefore, given our conclusion that the reimbursement in the final judgment is fair and reasonable under Rule 134.1, that reimbursement is also "consistent with the fee guidelines" such that Vista is entitled to prejudgment interest beginning 60 days after Vista billed SORM for each claim. We sustain Vista's challenge and amend the district court's judgment to award the prejudgment interest required by the statute. *See* Tex. R. App. P. 43.2(b).

## CONCLUSION

Having addressed the parties' arguments on appeal, we affirm the district court's final judgment as amended herein.

_____
Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Goodwin

Modified, and as Modified, Affirmed

Filed: August 22, 2018